524 So.2d 1132 (1988)
Henry Lee BURGESS, Appellant,
v.
STATE of Florida, Appellee.
No. BT-209.
District Court of Appeal of Florida, First District.
May 12, 1988.
*1133 Michael E. Allen, Public Defender, and Sharon Bradley, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal of a judgment and sentences on two counts of attempted first-degree murder with a firearm, one count of use of a firearm during the commission of a felony, and one count of possession of a firearm by a convicted felon.
Appellant raised several issues on appeal. We find it necessary to address only two of those issues here. The first issue is whether the trial court improperly convicted and sentenced appellant for use of a firearm during the commission of a felony, as that charge is a lesser-included offense of attempted first-degree murder with a firearm. The second issue is whether the trial court based its departure from the recommended guidelines sentence on clear and convincing reasons.
The facts pertinent to this appeal are as follows. Charles Dondlinger and Sam Fisher operated an automobile paint and body shop in Jacksonville, Florida. On September 19, 1986, Mike Reynolds, who worked for Dondlinger and Fisher, saw a car come into the alley beside the shop with appellant as a passenger. Reynolds saw appellant open the car door and get something silver from the glove box. Reynolds told Dondlinger that it looked like appellant had a gun.
Appellant walked up to Fisher, who was talking to a customer in the alley. Dondlinger walked over to meet them. Appellant said something and fired at Dondlinger, hitting him in the groin. Next, appellant shot Fisher in the groin. As Dondlinger turned to run into the shop, appellant shot Dondlinger in the back. Appellant then fired a shot at Fisher, who was running up the alley.
Appellant walked over and pointed the gun at Dondlinger, who was lying on the floor in the doorway of the shop. Reynolds yelled, and appellant pointed the gun at Reynolds. Appellant pulled the trigger, but the gun misfired. Appellant turned and pointed the gun at Dondlinger again. The gun clicked but did not fire. Appellant ran off in the direction that Fisher had run, stopping long enough in the alley to reload his gun.
Phyllis Smith was also present at the scene. She was looking for cans at the dumpster in the alley.
The State charged appellant by information with two counts of attempted first-degree murder with a firearm, pursuant to Sections 782.04, 777.04, and 775.087, Florida Statutes; one count of use of a firearm during the commission of a felony, pursuant *1134 to Section 790.07(2), Florida Statutes; and one count of possession of a firearm by a convicted felon, pursuant to Section 790.23, Florida Statutes. A jury found appellant guilty as charged on March 12, 1987.
The trial court sentenced appellant to 25 years' incarceration on the two attempted first-degree murder with a firearm charges and 15 years each for use of a firearm in the commission of a felony and for possession of a firearm by a convicted felon, all sentences to run concurrently. The trial court imposed a three-year mandatory minimum for possession of a firearm. The recommended guidelines sentence was 20 years, with a range of 17 to 20 years.
Appellant argues that his conviction under Section 790.07(2), Florida Statutes, for use of a firearm during the commission of a felony, is a lesser-included offense of his convictions under Sections 782.04, 777.04, and 775.087, Florida Statutes, for attempted first-degree murder with a firearm. The State relies on Strickland v. State, 437 So.2d 150 (Fla. 1983), to rebut appellant's argument.
In Strickland, the Florida Supreme Court held that the use of a firearm is not an essential element of the crime of attempted first-degree murder; therefore, conviction under Section 775.087, Florida Statutes, mandates reclassification of attempted first-degree murder to a life felony. Id. at 152. Unlike the instant case, Strickland did not involve a separate conviction under Section 790.07(2), Florida Statutes. Nothing in Strickland precludes this court from determining that a conviction under Section 790.07(2), Florida Statutes, is a lesser-included offense of a conviction under Sections 782.04, 777.04, and 775.087, Florida Statutes.
The elements of the offense of use of a firearm during the commission of a felony are set forth in Section 790.07(2), Florida Statutes: "Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any firearm is guilty of felony of the second degree... ."
Attempted first-degree murder under Sections 782.04 and 777.04, Florida Statutes, becomes the enhanced offense of attempted first-degree murder with a firearm under Section 775.087, Florida Statutes, which provides:
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
In the instant case, the offense of attempted first-degree murder with a firearm is a life felony which requires the State to prove: all elements of first-degree murder except death of the victim under Section 782.04, Florida Statutes; all of the elements of attempt under Section 777.04, Florida Statutes; and use of a firearm during the commission of a felony under Section 775.087, Florida Statutes. Appellant's separate conviction for use of a firearm during the commission of a felony under Section 790.07(2), Florida Statutes, requires the State to prove all the elements of the underlying felony, attempted first-degree murder, and use of a firearm in the commission of that felony.
In examining the statutory elements, "a less serious offense is included in a more serious one if all the elements required to be proven to establish the former are also required to be proven, along with more, to establish the latter." Borges v. State, 415 So.2d 1265, 1267 (Fla. 1982). We conclude that appellant's conviction for use of a firearm during the commission of a felony is a lesser-included offense of his convictions for life felony attempted first-degree murder.
Furthermore, appellant's conviction pursuant to Section 790.07(2), Florida Statutes, cannot stand under the rationale of Hall v. State, 517 So.2d 678 (Fla. 1988). In *1135 Hall, the defendant was charged with committing a robbery while carrying a firearm, under Section 812.13(1) and (2)(a), Florida Statutes, and the use and display of a firearm and the carrying of a concealed firearm while committing a felony, under Section 790.07(2), Florida Statutes. The Florida Supreme Court held that "the Legislature had no intent of punishing a defendant twice for the single act of displaying a firearm or carrying a firearm while committing a robbery." Id. Here, as in Hall, appellant's conviction under Section 790.07(2), Florida Statutes, enhances the primary offenses twice for using the same weapon and constitutes dual punishment for one single act under the principles set forth in Hall, supra.
Accordingly, because of the decision of the Florida Supreme Court in the Hall case, supra, we vacate appellant's conviction and sentence under Section 790.07(2), Florida Statutes. We affirm appellant's convictions on two counts of attempted first-degree murder with a firearm and remand the case for resentencing. On remand, the trial judge shall prepare a new guidelines scoresheet correctly scoring the primary offenses as life felonies.
At resentencing, the trial judge may decide to depart again from the recommended guidelines sentence. Thus, we find it necessary to examine his reasons for departure.
The trial judge gave three written reasons for his upward departure: (1) the manner by which the defendant committed the above-mentioned crimes constituted a crime binge; (2) the victims who were assaulted by this defendant were particularly vulnerable; and (3) the defendant's actions created an unreasonable risk to the safety of others. The trial court stated that any one of these reasons, standing alone, would justify an upward departure.
Under the law as decided by the Florida Supreme Court, we must hold invalid the trial court's first reason, that the crimes constituted a "crime binge" for departure purposes. Mathis v. State, 515 So.2d 214 (Fla. 1987); State v. Rousseau, 509 So.2d 281 (Fla. 1987).
The second reason, the vulnerability of the victims, is not a valid reason for departure under the facts of this case. The second reason stated by the court was:
[T]he victims in this case were particularly vulnerable because up to that point there was no reason to suspect that these people were anything other than friends who could trust one another with their money, and their tools, and customers and probably their pot of coffee every morning. There was no reason for them [the victims] to be on the defensive or suspicious of you [appellant] ever coming to their business.
However, the evidence is that appellant and his victims were feuding over business matters, that appellant called the police at one point over the strained relations, and that Reynolds informed Dondlinger as soon as he arrived that appellant might have a gun. This evidence suggests a climate of mistrust, rather than trust and vulnerability, and does not support the second reason for departure.
The third reason, unreasonable risk to the safety of others, is a valid ground for departure. Mathis, supra; Scurry v. State, 489 So.2d 25 (Fla. 1986). The record below supports this reason, as there were at least three bystanders in the alley at the time of the shootings: Mike Reynolds, Phyllis Smith, and Fisher's customer. Therefore, the trial court properly departed based on this reason.
Affirmed in part, reversed in part, and remanded for resentencing.
BOOTH, WIGGINTON and ZEHMER, JJ., concur.