THOMPSON, Judge.
James Randy Futrell (“Futrell”) appeals his convictions and sentences for second degree murder with a firearm in count I,[1] possession of a firearm in the commission of a felony in count II,[2] and possession of a firearm by a convicted felon in count III.[3] Fut-rell was sentenced pursuant to the sentencing guidelines to concurrent terms of 27 years imprisonment on each count. We affirm the convictions for counts I and III, but vacate the sentences and remand for resen-tencing. We vacate the conviction and sentence for count II.
The conviction for second degree murder in count I is affirmed, but the sen- *27 tenee is vacated as discussed below. The conviction and sentence in count II must be vacated because convictions for both second degree murder with a firearm[4] and possession of a firearm during the commission of a felony constitute double jeopardy. See Cleveland v. State, 587 So.2d 1145 (Fla.1991); Moyer v. State, 558 So.2d 1045 (Fla. 5th DCA), review denied, 574 So.2d 142 (Fla.1990).
Futrell’s sentence of 27 years in count III, for possession of a firearm by a convicted felon, must also be vacated since it is in excess of the statutory maximum. The maximum sentence for this second degree felony is punishment by a term not exceeding 15 years in the Department of Corrections (“DOC”). See §§ 790.28(3) and 775.082(3)(e), Fla.Stat. (1991). The maximum sentence that can be imposed is 15 years, unless the court determines that Futrell is a habitual felony offender.
This case is remanded to the trial court for resentencing. A new guideline scoresheet must be prepared since the former scoresheet scored the possession of a firearm during the commission of a felony as an additional offense. That conviction has now been eliminated and the points scored must be removed. The new scoresheet should reflect a total of 223 points instead of 226 points for a recommended guideline sentence of 12-17 years and a permitted sentencing range of 7-22 years instead of a recommended range of 17-22 years and a permitted sentence of 12-27 years.[5] Consequently, Futrell’s sentence in Count I of 27 years in the DOC constitutes a departure from the sentencing guidelines without written reasons because the permitted range is 7-22 years rather than 12-27 years. However, because the trial judge was not aware that the sentence imposed was a departure sentence, the trial judge is given the opportunity to provide valid written reasons for a departure sentence. Dow v. State, 610 So.2d 23 (Fla. 2d DCA 1992), cause dismissed, 621 So.2d 432 (Fla.1993) (citing State v. Vanhorn, 561 So.2d 584 (Fla.1990)).
AFFIRMED in part; REVERSED in part. REMANDED for resentencing consistent with this opinion.
PETERSON and DIAMANTIS, JJ., concur.

. § 782.04(2), Fla.Stat. (1991).

. § 790.07(2), Fla.Stat. (1991).

.§ 790.23(1), Fla.Stat. (1991).

. It should be noted that defendant’s conviction for second degree murder was enhanced from a first degree felony to a life felony because of the firearm. See §§ 782.04(2) & 775.087(l)(a), Fla. Stat. (1991).

. Fla.R.Crim.P. 3.988(a).