**Ada Anisia LOPEZ–AMARO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 93–4694.

United States Court of Appeals, Eleventh Circuit.

July 12, 1994.

---

Manfred Rosenow, Miami, FL, for appellant.

Donald A. Couvillon, Dept. of Justice, Richard M. Evans, Francesco Isgro, Dept. of Justice, Washington, DC, for appellee.

Before COX and CARNES, Circuit Judges, and WOOD *, Senior Circuit Judge.

* Honorable Harlington Wood, Jr., Senior U.S. Circuit Judge for the Seventh Circuit, sitting by

HARLINGTON WOOD, Jr., Senior Circuit Judge:

The petitioner, Ada Anisia Lopez–Amaro, appeals from an Immigration Board of Appeals decision finding her to be deportable to her native Cuba. In 1983 a Florida court convicted the petitioner of "murder with a pistol." The Board determined that this was a conviction for a "firearms" offense; therefore, pursuant to section 241(a)(2)(C) of the Immigration and Nationality Act of 1990 she could be deported.

## I.

The petitioner is a native and a citizen of Cuba. She was paroled into the United States in 1972 and became a permanent lawful resident in April of 1977. Six years later she used a pistol to kill her allegedly-abusive companion. On December 8, 1983 she was convicted in Dade County Florida of first degree murder with a pistol. That conviction was affirmed on appeal.

The Immigration and Naturalization Service (INS) instituted deportation proceedings against the petitioner on June 17, 1991 and served her with an Order to Show Cause. The INS contended that she was deportable under section 241(a)(2)(C) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1251(a)(2)(C), which was amended in 1990 to state, among other things, that any alien who is convicted of using a "firearm" is deportable. The Immigration Judge concluded that the petitioner's Florida conviction was not such a firearms offense and that in any case the 1990 amendment to the statute did not apply retroactively to her 1983 conviction. Consequently the judge terminated the proceedings. The Board of Immigration Appeals reversed the Immigration Judge's finding in both respects and found the petitioner to be deportable. The petitioner challenges the Board's ruling regarding both the retroactivity of the statute and the characterization of her conviction as a firearms offense.

designation.

## II.

### A.

■ The petitioner's first argument is that section 241(a)(2)(C) of the INA cannot apply retroactively. Our resolution of this issue requires a discussion of the history of this statute. At the time of petitioner's conviction the relevant statute, then section 241(a)(14), allowed for deportation only if the alien was convicted of possessing or carrying an automatic or semi-automatic firearm. 8 U.S.C. § 1251(a)(14) (1983). In 1988 Congress amended this section and broadened its coverage to include convictions for carrying or possessing *any* firearm (as that term is defined in 18 U.S.C. § 921(a)). At that time Congress provided that the statute would only apply to aliens convicted "on or after the date of enactment of the Act [November 19, 1988]." Congress amended the section again in 1990, at which time it amplified the coverage of the section to include, among other things, convictions for "using" any firearm. The statute was renumbered as section 241(a)(2)(C). 8 U.S.C. § 1251(a)(2)(C). This was the section under which the petitioner was found deportable.

The petitioner contends that the restriction contained in the 1988 statute continues to apply because the 1988 legislation was the precursor to the 1990 statute. For several reasons we reject petitioner's argument. First the language of the statute makes clear that it applies to aliens convicted "at any time after entry." 8 U.S.C. § 1251(a)(2)(C). Second, Congress explicitly intended this section to apply to aliens "notwithstanding that ... the facts, by reason of which the alien [is deportable], occurred before the date of enactment of this Act." Immigration and Nationality Act of 1990 § 602(c).

The Supreme Court previously interpreted similar language in *Mulcahey v. Catalanotte*, 353 U.S. 692, 77 S.Ct. 1025, 1 L.Ed.2d 1127 (1957). In that case the government was attempting to deport an alien pursuant to section 241(a)(11) and (d) of the INA of 1952, which made aliens deportable if they were convicted of "illicit traffic in narcotic[s]." The permanent resident alien in *Mulcahey* had been convicted of a narcotics offense in 1925 when there was no applicable statute that would have rendered him deportable. Nevertheless, section 241(a)(11) of the 1952 Act stated that the alien was deportable if convicted "at any time." Section 241(d) further provided that the statute applied "notwithstanding ... that the facts ... occurred prior to the date of Enactment of this Act." *Id.* at 694, 77 S.Ct. at 1027. After considering that language, the Court concluded that it was "indisputable ... that Congress was legislating retrospectively", and ruled that the 1925 conviction would render the alien deportable. *Id.* Similarly in this case we believe that by the use of the same language Congress was again legislating retroactively.[1]

Finally, although Congress easily could have adopted the effective date restriction from the 1988 statute or limited the applicability of this newly-amended section to convictions occurring after its date of enactment, it did not do so. The only restriction regarding the effective date of section 241(a)(2)(C) is that it will not apply to deportation proceedings for which the alien receives notice prior to March 1, 1991. *See* Immigration and Nationality Act of 1990 § 602(d). For these reasons, we conclude that section 241(a)(2)(C) displaces the old section 241(a)(14) and the effective date restrictions found in the old statute no longer apply.[2] Therefore, because

---

1. Petitioner notes the above language, that the section applies "notwithstanding that ... the facts [which make the alien deportable] occurred before the date of enactment of the act." She argues, however, that the term "facts" does not include "convictions." She notes that Congress used the term conviction in the preceding sentence in the legislation—if it had wished to make the statute apply if the "conviction" occurred before the date of enactment, it would have said conviction and not "facts." This argument is untenable. According to the statute itself the only "fact" that could possibly render an alien

deportable under section 241(a)(2)(C) is a conviction. If the term fact does not include conviction then it is a meaningless term. We will not interpret legislation to be devoid of all meaning.

2. The Fifth Circuit recently examined this precise retroactivity issue in *Chow v. INS*, 12 F.3d 34 (5th Cir.1993). In that case Chow had been convicted of a firearms offense in 1977. In July 1992, the government commenced deportation proceedings against him pursuant to section 241(a)(2)(C). Chow advanced the same argument that the petitioner makes in this case—that

the petitioner received notice of the deportation proceedings on June 17, 1991 (after March 1, 1991), the statute by its own unmistakable terms applies to her.

### B.

■ As we mentioned above, pursuant to section 241(a)(2)(C) of the INA any alien who is convicted of using a firearm in violation of any law is deportable. The petitioner was charged with and convicted of "first degree murder with a pistol" pursuant to Florida Statutes sections 782.04 and 775.087. The first statute, section 782.04 proscribes the offense of first degree murder. It does not limit itself to offenses involving firearms. The second section, however, reclassifies various felonies when a firearm is involved. It reads in relevant part:

> (1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm ... the felony for which the person is charged shall be reclassified as follows:
>
> (a) In the case of a felony of the first degree, to a life felony ...

(2)(a) Any person who is convicted of:

> 1. Any murder, sexual battery, robbery burglary, arson ...

who had in his possession a "firearm" as defined in § 790.001(6) ... shall be sentenced to a minimum term of imprisonment of 3 calendar years.

Fla.Stat. § 775.087.

The petitioner contends that this section does not constitute a part of the substantive offense, rather it merely enhances the applicable sentence, i.e. it is relevant only to sentencing. Therefore, she argues, she was not convicted of a firearms offense, but an offense whose sentence was merely enhanced because she used a firearm.[3] The Florida courts have rejected that interpretation of section 775.087. For example one Florida court has held that attempted first-degree murder "becomes the enhanced **offense** of attempted first-degree murder with a firearm under section 775.087." *Burgess v. State*, 524 So.2d 1132, 1134 (Fla.Dist.Ct.App. 1988) (emphasis added). The statute enhances and reclassifies the entire offense, not merely the sentence. Moreover Florida courts have consistently held that conviction for commission of a felony with a firearm (e.g., murder with a pistol) under section

because the 1988 statute was the precursor to the 1990 statute, the 1988 restrictions must apply. The Fifth Circuit noted that section 241(a)(2)(C) applies to aliens convicted "at any time after entry" and also that Congress made no mention of the 1988 effective date restrictions; rather, the only limitation was that the new statute would not apply to aliens who receive notice after March 1, 1991. Consequently they held that section 241(a)(2)(C) "completely supersede[d] all former versions of legislation dealing with deportation for firearms offenses" and applied it to Chow's 1977 conviction. *Chow*, 12 F.3d at 37.

**3.** By making this argument, petitioner attempts to analogize her case to the Board of Immigration Appeals ruling in *In Re Rodriguez–Cortes*, Interim Decision 3189 (BIA 1992). In *Rodriguez*, the alien was convicted of attempted murder under a California statute. A California firearm sentence enhancement statute provided that a defendant's sentence will be enhanced by one year if any principal in the crime used a firearm. Cal.Penal Code § 12022(a). The alien's sentence was increased by one year because one of her co-

defendants carried a firearm during the commission of the offense. The Board concluded that this statute did not create a separate offense but merely imposed additional punishment; therefore, it did not make the crime a firearms offense. The statute in *Rodriguez* is wholly distinguishable from the Florida statutes in this case for three reasons. First, the Florida statute did not, and could not, serve to enhance the petitioner's sentence. Section 775.087 upgrades felonies one level and provides a minimum sentence of three years if the defendant used a firearm. The petitioner's principal offense in this case, however, was already a capital felony—the highest level under Florida law—and she was already subject to a minimum sentence of 25 years. Fla.Stat. § 775.082. Second, under Florida law application of the statute results in a firearms offense becoming a lesser included offense in the principal conviction; the same is not true under the California statute. *See* discussion *infra*. Finally, Florida law requires a jury finding that the defendant actually possessed the firearm. No such finding is required under the California statute. *See* discussion *infra*.

775.087 includes the lesser offense of use or possession of a firearm during the commission of a felony, *see Bradshaw v. State,* 528 So.2d 473 (Fla.Dist.Ct.App.1988); *Burgess,* 524 So.2d at 1134, and the principle of double jeopardy precludes a defendant from being convicted of both crimes. *Futrell v. State,* 627 So.2d 26 (Fla.Dist.Ct.App.1993). If double jeopardy prohibits a conviction for a second firearms offense, the first conviction must necessarily be for a firearms offense as well.

Furthermore, before section 775.087 will apply, the State must present "evidence establishing that the defendant had personal possession of the [firearm] during the commission of the felony," *State v. Rodriguez,* 602 So.2d 1270, 1272 (Fla.1992), and the "jury must make a finding that the defendant committed the crime while using a firearm." *State v. Overfelt,* 457 So.2d 1385, 1387 (Fla. 1984). Therefore, this is not a statute that relates only to sentencing but one that affects the very nature of the offense from the beginning of the trial through sentencing. For these reasons we conclude that petitioner's 1983 conviction was indeed a conviction for a firearms offense as that term is used in section 241(a)(2)(C), and pursuant to that section she is deportable.

### III.

For the foregoing reasons the decision of the Board of Immigration Appeals is

AFFIRMED.