45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Fariborz WOSOUGHKIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70588.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 14, 1994.*
Decided Dec. 16, 1994.
 
 1
 Before: BOOCHEVER, NORRIS, and HALL, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner Fariborz Wosoughkia seeks review of the Board of Immigration Appeals' affirmance of the Immigration Judge's findings that petitioner is deportable under the "firearm offenses" provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1251(a)(2)(C) (Supp. V 1994), and statutorily ineligible for withholding of deportation under 8 U.S.C. Sec. 1253(h)(2)(B) (1988 & Supp. V 1994). We deny the petition for review.
 
 
 4
 * The "firearm offenses" provision was one of the many sections of the INA amended by the Immigration Act of 1990, Pub.L. No. 101-649, 104 Stat. 4978 (1990) ("IMMACT"). It states:
 
 
 5
 Any alien who at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part or accessory which is a firearm or destructive device [as defined in 18 U.S.C. Sec. 921(a) ] is deportable.
 
 
 6
 8 U.S.C. Sec. 1251(a)(2)(C). Wosoughkia concedes that in May of 1988 he was convicted of a crime covered by this provision. However, Wosoughkia contends that he is nevertheless not deportable because this provision cannot be applied retroactively to his May 1988 conviction since the former "firearm offenses" provision, 8 U.S.C. Sec. 1251(a)(14) (1988), only applied to aliens convicted on or after November 18, 1988. See Anti-Drug Abuse Act of 1988, Pub.L. No. 100-690, Sec. 7348(b), 102 Stat. 4471, 4473 (1988). Wosoughkia's argument is precluded by our decision in U.S. v. Yacoubian, 24 F.3d 1 (9th Cir.1994), where we held that the IMMACT amendments to the "firearm offenses" provision apply retroactively to convictions not covered by the former provision. Id. at 6-7; accord Lopez-Amaro v. INS, 25 F.3d 986, 988-89 (11th Cir.1994), petition for cert. filed, 63 U.S.L.W. 3326 (U.S. Oct. 11, 1994) (No. 94-671); Chow v. INS, 12 F.3d 34, 37-38 (5th Cir.1993).
 
 II
 
 7
 Wosoughkia argues that the BIA erred in finding him statutorily ineligible for withholding of deportation under 8 U.S.C. Sec. 1253(h). Sec. 1253(h)(2)(B) provides that an alien is ineligible for withholding of deportation if "the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." While Wosoughkia concedes that he is deportable under 8 U.S.C. Sec. 1251(a)(2)(B)(i) based on his conviction for distributing cocaine and that this conviction was for a "particularly serious crime," he contends that the BIA erred as a matter of law in refusing to allow him to present evidence that he is not a "danger to the community of the United States."
 
 
 8
 Wosoughkia's contention has been consistently rejected by this court. See, e.g., Urbina-Mauricio v. INS, 989 F.2d 1085, 1087 (9th Cir.1993); Ramirez-Ramos v. INS, 814 F.2d 1394, 1397 (9th Cir.1987). Nonetheless, Wosoughkia argues that these cases are no longer good law as a result of the amendments made to Sec. 1253(h) by IMMACT. This argument is precluded, however, by this court's decision in Feroz v. INS, 22 F.3d 225, 227 (9th Cir.1994), which reaffirmed Urbina-Mauricio and Ramirez-Ramos after enactment of IMMACT.
 
 
 9
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3