_____

No. 95-2152
_____

Kao Vue,                            *
                                    *
              Petitioner,           *
                                    *
      v.                            *
                                    * Petition for Review of an
Immigration and Naturalization      * Order of the Immigration &
Service, District Director,         * Naturalization Service
Carl R. Houseman, United            *
States of America, Janet Reno,      *
Attorney General,                   *
                                    *
              Respondents.          *

_____

         Submitted:  February 12, 1996

           Filed:  August 12, 1996
_____

Before McMILLIAN, LAY and HANSEN, Circuit Judges.
_____

McMILLIAN, Circuit Judge.


     Kao Vue (petitioner) seeks review of a final decision of the Board of
Immigration Appeals (BIA) dismissing his appeal from a deportation order
entered by an immigration judge (IJ) (hereinafter "IJ order").  In re Kao
Vue, No. A23 864 378 (B.I.A. Apr. 13, 1995) (order dismissing appeal)
(hereinafter "BIA order").  The IJ found petitioner deportable under both
§ 241(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C.
§ 1251(a)(2)(A)(iii) (aggravated felony convictions), and § 241(a)(2)(C) of
the INA, 8 U.S.C. § 1251(a)(2)(C) (certain firearms offenses).  Petitioner
appealed to the BIA, arguing that the IJ erred in holding that his
conviction under Minnesota state law for aggravated robbery constituted a
firearms offense within the meaning of

§ 1251(a)(2)(C). BIA order at 2-5. Petitioner raises the same issue in the present petition. He challenges the BIA's holding that § 1251(a)(2)(C) applies to his aggravated robbery conviction even though use of a firearm per se is not an essential element of that state law offense. For the reasons discussed below, we affirm.

## Background

Petitioner, an adult male, is a native and citizen of Laos. He entered the United States as a refugee in 1979, and his status was adjusted to lawful permanent resident in 1983. On October 14, 1991, petitioner pled guilty in Minnesota state court to charges of attempted murder and aggravated robbery, for which he is currently serving a sentence of 296 months (24 years and 8 months).

On January 14, 1993, the Immigration and Naturalization Service (INS) issued an order to show cause charging petitioner with deportability under 8 U.S.C. § 1251(a)(2)(A)(iii) ("[a]ny alien who is convicted of an aggravated felony at any time after entry is deportable"). On April 13, 1994, the INS supplementally charged petitioner with deportability under 8 U.S.C. § 1251(a)(2)(C). Section 1251(a)(2)(C) provides:

> [a]ny alien who at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18) in violation of any law is deportable.

The INS claimed that petitioner was deportable under § 1251(a)(2)(C) on the basis of his 1991 conviction for aggravated robbery. Under Minn. Stat. Ann. § 609.245 (West 1991), aggravated robbery has the following definition: "[w]hoever, while committing a robbery, is armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it

to be a dangerous weapon, or inflicts bodily harm upon another, is guilty of aggravated robbery."  Another Minnesota statute in the same chapter defines "dangerous weapon" to include "any firearm, whether loaded or unloaded."  Id. § 609.02(6) (West 1991).

Prior to petitioner's deportation hearing, the INS filed certain documents with the IJ for the IJ to consider as part of petitioner's record of conviction.  Among the documents submitted by the INS was the amended criminal complaint which had been filed against petitioner in 1991.  See Certified Administrative Record at 151-56 (amended criminal complaint). The amended criminal complaint contained seven counts, of which petitioner had pled guilty to two in Minnesota state court.  One of those two counts, Count 3 (charging petitioner with aggravated robbery), stated the following:

> [The defendant, h]aving knowledge of not being entitled thereto, took personal property, namely numerous firearms, from John Granlund, or in the presence of John Granlund, and used or threatened the [im]minent use of force against John Granlund to overcome his resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property and, while committing the robbery, defendant Kao Vue was armed with a dangerous weapon, namely a Ruger G.P.100 .357 revolver.

Id. at 154 (emphasis added).

At his deportation hearing, petitioner did not dispute his deportability under 8 U.S.C. § 1251(a)(2)(A)(iii) (aggravated felony convictions).  IJ order at 2.  He also did not contest the authenticity of the amended criminal complaint submitted by the INS, nor did he deny that he had pled guilty to, and was convicted of, the count charging him with aggravated robbery.  Id.  Rather, his sole contention was that his aggravated robbery conviction did not, as a matter of law, constitute a firearms conviction within the meaning of 8 U.S.C. § 1251(a)(2)(C) and, consequently, he was

-3-

eligible to seek a waiver of deportability under § 212(c) of the INA, 8 U.S.C. § 1182(c).[1]  IJ Order at 2.  The IJ found petitioner deportable under both 8 U.S.C. § 1251(a)(2)(A)(iii) and § 1251(a)(2)(C) and, therefore, held that petitioner was ineligible to seek a waiver of deportability.  IJ Order at 4-5.

On appeal, the BIA agreed with the IJ's decision.  The BIA held that Matter of P-F-, Int. Dec. No. 3201, 1993 WL 233119 (B.I.A. 1993), was controlling.  BIA order at 3. In Matter of P-F-, the BIA held that the alien had been convicted of two offenses within the contemplation of § 1251(a)(2)(C) where one of the two offenses, first degree robbery, required as an element the carrying of a "firearm or other deadly weapon," and the other offense, first degree burglary, required as an element being armed with "explosives or a dangerous weapon."  1993 WL 233119, at *2. Moreover, in Matter of P-F-, the criminal information in the petitioner's record of conviction indicated that he had committed each of his offenses while armed with a firearm.  Id. at *2-3.  Upon comparing Matter of P-F- to the present case, the BIA opined "[a]lthough the cases do have some differences, we do not find that any of the distinguishing features highlighted by [petitioner] require us to reconsider our conclusions in that case."  BIA order at 4.  The BIA further explained:

> [petitioner's] conviction record in this case clearly indicates the use of a dangerous weapon, a revolver.  It is well established that a record of conviction includes the charge, the indictment, the plea, the verdict, and the sentence. . . . The criminal information or complaint is part of the conviction record and we may rely on it in making our decision.  Use of the

---

[1]See Matter of Montenegro, Int. Dec. No. 3192, 1992 WL 364787 (B.I.A. 1992) (relief under § 212(c) of the INA, 8 U.S.C. § 1182(c), is not available to remove deportability for firearms convictions under § 241(a)(2)(C) of the INA, 8 U.S.C. § 1251(a)(2)(C), regardless of whether the firearms offense involved moral turpitude).

-4-

>        conviction record does not run the risk of re-litigating
>        the criminal case, as feared by [petitioner].

Id. at 4-5 (citations and footnote omitted). Accordingly, the BIA dismissed petitioner's appeal. Id. at 5. Petitioner sought review in this court of the BIA's decision, and we now affirm.

## Discussion

Petitioner argues that the BIA erred in holding that his conviction for aggravated robbery constitutes a firearms offense within the meaning of 8 U.S.C. § 1251(a)(2)(C). He maintains that, to qualify under § 1251(a)(2)(C), the offense must have as an essential element the use, sale, possession, etc., of a *firearm*. Petitioner argues that, because the offense for which he was convicted has as an essential element the use of a dangerous weapon or the infliction of bodily harm, but *not* the use of a firearm per se, his conviction does not satisfy § 1251(a)(2)(C) as a matter of law. In support of his position, petitioner cites Matter of Lopez-Amaro, Int. Dec. No. 3202, 1993 WL 256810 (B.I.A. 1993) (holding that 8 U.S.C. § 1251(a)(2)(C) applies where an alien has been convicted for immigration purposes and the use of a firearm is deemed to be an element or lesser included offense of the crime of conviction), aff'd, 25 F.3d 986 (11th Cir. 1994), cert. denied, 115 S. Ct. 1093 (1995). Petitioner also argues that his position is consistent with the "categorical" approach to statutory interpretation favored by the Supreme Court in Taylor v. United States, 495 U.S. 575 (1990). In Taylor v. United States, the Supreme Court addressed the meaning of a sentencing enhancement statute, 18 U.S.C. § 924(e), which refers to past convictions for "violent felon[ies]," which, in turn, includes "burglary." Petitioner argues that the Supreme Court relied on the use of the word "conviction" in § 924(e) to hold that the statute required a categorical analysis, which focuses on the elements of the relevant offense, not the specific details of a particular defendant's

-5-

criminal conduct. Petitioner argues that the same reasoning should apply in interpreting § 1251(a)(2)(C), because that statute refers to persons "convicted of" using a "firearm." Petitioner maintains that, because he was charged under a state statute which technically refers more broadly to "weapons" rather than "firearms," he is not deportable under § 1251(a)(2)(C) under the reasoning in Taylor v. United States. Finally, petitioner argues, the fact-specific standard employed by the BIA would, in many instances, require an immigration judge to engage in an elaborate fact-finding process, which would be both impractical and contrary to Congress's intent.

We review an agency's legal determinations de novo, according substantial deference to the agency's interpretation of the statutes and regulations it administers. Chevron U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 842-44 (1987). The controlling statutory language of 8 U.S.C. § 1251(a)(2)(C) provides that "[a]ny alien who at any time after entry is convicted under *any law* of . . . using [etc.] . . . any *weapon*, part, or accessory *which is a firearm* or destructive device (as defined in section 921(a) of Title 18) in violation of any law is deportable." 8 U.S.C. § 1251(a)(2)(C) (emphases added). We read this language to require that, in order for an offense to come within the meaning of this subsection, the use, etc., of a *weapon* must be an essential element within the definition of the offense of conviction and the weapon in question must be a firearm or destructive device.[2] We do not read § 1251(a)(2)(C), in its plain and ordinary meaning, to

---

[2]Both of these requirements would be met if the specific offense of conviction has as an essential element the use, etc., of a firearm or destructive device. See, e.g., Matter of Lopez-Amaro, Int. Dec. No. 3202, 1993 WL 256810, at *4-5 (B.I.A. 1993) (an alien has committed a firearms offense for purposes of applying 8 U.S.C. § 1251(a)(2)(C) when the use of a firearm is deemed to be an element or a lesser included offense of the crime of conviction), aff'd, 25 F.3d 986 (11th Cir. 1994), cert. denied, 115 S. Ct. 1093 (1995).

require that the use, etc., of a firearm or destructive device per se be a definitional element of the offense of conviction. In other words, not every conviction under the same law must also satisfy the "firearm or destructive device" requirement of § 1251(a)(2)(C). Cf. Alleyne v. INS, 879 F.2d 1177, 1184 (3d Cir. 1989) (acknowledging that a particular criminal statute can be the basis for some violations which would qualify as deportable convictions and other violations which would not). Moreover, contrary to petitioner's argument, our holding today is not inconsistent with the BIA's decision in Matter of Lopez-Amaro because, in that case, the BIA was not presented with an issue involving the semantic distinction between crimes requiring the use of a "weapon," and those requiring the use of a "firearm." Rather, in Matter of Lopez-Amaro, the issue before the BIA concerned the distinction between sentencing enhancement provisions and substantive offenses for purposes of applying 8 U.S.C. § 1251(a)(2)(C). See 1993 WL 256810, at *4-5.

We also hold that the IJ acted within its authority in relying upon certain documentation from petitioner's record of conviction. See Maroon v. INS, 364 F.2d 982, 984-86 (8th Cir. 1966) (record of alien's conviction, including copies of the indictment, judgment, sentence and commitment, was sufficiently authenticated and received into evidence by the immigration officer in making a deportation determination); Wadman v. INS, 329 F.2d 812, 813-14 (9th Cir. 1964). In Wadman, the Ninth Circuit reviewed a deportation order which included, among other findings, a determination that the petitioner's foreign conviction for receipt of stolen property was a ground for deportation under a provision permitting deportation of aliens having been convicted of a crime of moral turpitude. Id. The petitioner in Wadman argued, and the INS agreed in theory, that not every violation of the substantive foreign provision under which the petitioner had been convicted (§ 33(1) of the Larceny Act of Great Britain) would involve moral turpitude. Id. at 814. However, the immigration officer and the

-7-

BIA had found that the controlling criminal provision was "divisible." <u>Id.</u> ("§ 33(1) of the Larceny Act provides a separation between the act of receiving property 'knowing the same to have been stolen,' and the act of receiving property knowing it to have been 'obtained in any way whatsoever under circumstances which amount to felony or misdemeanour'"). Moreover, the immigration officer and the BIA had reviewed documentation from the petitioner's foreign record of conviction and had determined that the petitioner's violation of § 33(1) of the Larceny Act was of the type involving moral turpitude. <u>Id.</u> at 813 ("[p]roof of [the petitioner's] conviction appeared from exemplified certificates of the clerk and a deputy clerk of the Central Criminal Court, Old Bailey, London, England, reciting that petitioner 'was in due form of law convicted on indictment for that he did receive [certain property] . . . knowing the same to have been stolen'"). Upon review, the Ninth Circuit held

> [u]nder these circumstances, at least, the immigration officers and courts, while precluded from considering the evidence, may examine the "record of conviction" (including the indictment or information, plea, verdict or judgment and sentence) to determine the crime of which the alien actually was convicted. If this crime be one which necessarily or inherently does involve moral turpitude, the conviction is sufficient cause for deportation.

<u>Id.</u> at 814 (footnotes omitted).

Similarly, in the present case, the statutory provision under which petitioner was convicted, Minn. Stat. Ann. § 609.245, could be divided into violations which would constitute deportable offenses under 8 U.S.C. § 1251(a)(2)(C) and violations which would not. We hold that the IJ and the BIA properly considered petitioner's record of conviction to determine whether petitioner's violation was of the type contemplated by § 1251(a)(2)(C). The amended criminal complaint demonstrated on its face, with

sufficient clarity and reliability, that petitioner was convicted of using a weapon *which was a firearm*. Moreover, the reference to petitioner's use of a firearm in Count 3 of the amended criminal complaint was not mere surplusage but was necessary to support an essential element of the offense of aggravated robbery. Cf. Matter of Perez-Contreras, Int. Dec. No. 3194, 1992 WL 364792, at * 3 & n.4 (B.I.A. 1992) (where no element of the crime of conviction related to the use of a weapon, the statement in the criminal information that the petitioner had used a firearm was "surplusage").

Finally, with respect to petitioner's "categorical analysis" argument based on Taylor v. United States, we note that petitioner has not cited, nor can we find, a case in which the categorical method of interpreting statutory offense classifications has been relied upon to interpret 8 U.S.C. § 1251(a)(2)(C). In any case, we agree with the BIA's conclusion that the IJ's decision in the present case is not inconsistent with the Supreme Court's categorical approach to interpreting 18 U.S.C. § 924(e) in Taylor v. United States. See BIA order at 5. Petitioner was convicted of a state law offense for which an element was the use of a dangerous weapon or the infliction of bodily harm. Petitioner's record of conviction -- which we have held was properly considered by the IJ in this context -- facially revealed (1) that he had used a dangerous weapon (thus satisfying an element of the offense) and (2) that the weapon he used was a firearm. Therefore, the procedures employed by the IJ in determinating that the requirements of § 1251(a)(2)(C) had been met "[did] not run the risk of 'an elaborate factfinding process,' feared by the Supreme Court in Taylor v. United States[, 495 U.S. at 601]." BIA order at 5.

## Conclusion

Accordingly, we hold that the BIA did not err in concluding that 8 U.S.C. § 1251(a)(2)(C) applies to petitioner's 1991 state law conviction for aggravated robbery.  The order of the BIA is affirmed.


A true copy.

     Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.