24 F.3d 243
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Joseph E. WHITFIELD, Appellant,
v.
Major Sam SMITH, Appellee.
 No. 92-3731.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 12, 1994.
Filed: May 4, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph Whitfield appeals the District Court's[1] judgment entered upon a jury verdict in favor of Major Sam Smith in Whitfield's 42 U.S.C. Sec. 1983 (1988) action. We affirm.
 
 
 2
 Whitfield filed a complaint against Smith, Chief Security Officer of the St. Louis City Jail. He alleged that two inmates assaulted him at the jail on June 16, 1989, striking him with a piece of concrete flooring; he suffered nerve damage requiring surgery. Whitfield alleged that prior to the attack, he informed Smith that there was loose concrete around the toilet area and asked Smith to place him in protective custody because Whitfield believed he was in imminent physical danger from other inmates, but Smith refused to do so. Smith testified, among other things, that Whitfield never expressed any apprehension of imminent physical danger or asked to be placed in protective custody.
 
 
 3
 Before trial, Whitfield filed a motion in limine, asking that evidence of prior convictions be excluded unless the convictions involved dishonesty. He particularly asked that Smith's counsel and witnesses be prohibited from mentioning to the jurors that, at the time of this incident, Whitfield was being held pending retrial for murder. The Court ruled that under Federal Rule of Evidence 609 evidence of a prior felony conviction was legitimate as evidence or for purposes of cross-examination, but the Court disallowed any reference to Whitfield's murder conviction, which had been reversed by the Missouri Supreme Court.
 
 
 4
 During opening argument, counsel for Smith told the jury that Whitfield was a pretrial detainee awaiting trial on charges of murder, assault, and armed criminal action. The Court sustained Whitfield's objection. Smith's counsel later asked Whitfield if it were true that he pleaded guilty in 1991 to a felony charge of failing to return to confinement; when Whitfield said "no," she showed him her exhibit, and he noted the date was 1981. Whitfield's counsel objected and, in a sidebar conference, noted the felony was over ten years old and was prohibited under Rule 609. Smith's counsel apologized, and the Court sustained the objection, telling the jury to disregard the evidence of the 1981 conviction. Smith's counsel subsequently had a defense witness read a document which stated "Resident is ... currently awaiting trial on Murder First, Armed Criminal Action and Assault First charges," Tr. at 287; the Court sustained Whitfield's objection.
 
 
 5
 The jury found in favor of Smith, and Whitfield appeals. He argues that Smith's counsel's improper remarks and actions concerning his pending murder charge violated the pretrial order regarding his reversed murder conviction. He argues these violations, in conjunction with the improper reference to his 1981 felony conviction, warrant reversal. We disagree.
 
 
 6
 The District Court's pretrial ruling was that Whitfield's prior murder conviction would be inadmissible because it was reversed on appeal, and therefore that counsel should make no mention of Whitfield's pending retrial. We cannot see that this ruling was violated when Smith's counsel told the jury that at the time of the beating Whitfield was in jail awaiting trial on charges of murder, assault, and armed criminal action. Not only were counsel's remarks not plainly unwarranted, but also they were not clearly injurious, since the jury already was aware that Whitfield was incarcerated at the time of the beating. See Johnson v. Bowers, 884 F.2d 1053, 1055 (8th Cir. 1989) ("Improper statements by counsel during opening or closing arguments constitute reversible error only when those statements are 'plainly unwarranted and clearly injurious.' ") (quoting Morrissey v. Welsh Co., 821 F.2d 1294, 1303 (8th Cir. 1987)). Similarly, we find no basis for reversal in counsel's having a defense witness inform the jury of the charges on which Whitfield was awaiting trial.
 
 
 7
 Whitfield also protests counsel's questioning him about a conviction that occurred in 1981. Federal Rule of Evidence 609(b) recognizes that convictions more than ten years old have only limited probative value and establishes a rebuttable presumption against admissibility. See United States v. Johnson, 720 F.2d 519, 521-22 (8th Cir. 1983), cert. denied, 465 U.S. 1036 (1984). Smith's counsel misread the date of the prior conviction as 1991 rather than 1981. We conclude the Court adequately cured this mistake by instructing the jury to disregard the conviction. See Tyler v. White, 811 F.2d 1204, 1206 (8th Cir. 1987).
 
 
 8
 We reject Whitfield's additional argument regarding counsel's mischaracterization of a portion of his testimony.
 
 
 9
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri