Margaret CRANE, Plaintiff–Appellee,

v.

CREST TANKERS, INC.,
Defendant–Appellant.

No. 94–2682.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 16, 1994.

Decided Feb. 9, 1995.

James W. Herron, St. Louis, MO, argued (Elizabeth W. Lane, on brief), for appellant.

Elizabeth Blair Starkey, New York City, argued, for appellee.

Before BOWMAN and LOKEN, Circuit Judges, and BOGUE,* Senior District Judge.

BOGUE, Senior District Judge.

Appellant appeals the district court's admission into evidence an exhibit entitled "Future Damage Calculator." For the reasons stated below, we reverse and remand for a new trial on the issue of damages.

## I.  BACKGROUND

Appellee was a seaman who served as a Second Mate aboard the S/S Pomerol, an oil tanker owned and operated by the appellant. She filed the underlying action under the Jones Act, 46 U.S.C.App. § 688, and general admiralty and maritime law to recover damages for injuries sustained in separate incidents aboard the ship.  During the course of a six-day jury trial, appellee offered into evidence a "Future Damage Calculator" marketed and distributed by the "Lawyers and Judges Publishing Co."  This exhibit is a slide rule-type device which has life expectancy and work life expectancy tables on one side, and a "present value" table on the other.  See addendum.  The exhibit was offered without being identified or sponsored by any witness.

The trial transcript indicates that the appellee attempted to offer the exhibit as a means to establish life expectancy.  As she was asking for future damages for pain and suffering and future lost wages, appellee's life expectancy, work life expectancy, as well as present value computations were potentially relevant to issues in the case.  Appellant objected to the exhibit both prior to and during the trial.  Specifically, the appellant objected to the device on the grounds that it was hearsay, not properly authenticated, that it constituted improper expert testimony, and that it was not the best evidence.

After taking the matter under advisement, the district court informed the jury as follows:

Previously, the plaintiff offered into evidence Plaintiff's Exhibit 17, which is a life expectancy table.  The defendant objected to that.  I've considered the defendant's objection, and it is overruled, and Plaintiff's Exhibit 17 will be received into evidence.  In light of that, the Court has taken judicial notice of the information contained in Plaintiff's Exhibit 17.  Specifically, the Court takes judicial notice that a

* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the Western Division of the District of South Dakota, sitting by designation.

woman of plaintiff's age, which is 45 years old, has a life expectancy of 35.8 years. And because the Court has taken judicial notice of that fact, the jury is to consider that fact to be—to have been proved.[1]

Following its deliberations, the jury reached a verdict in favor of the appellee and assessed damages in the total amount of $270,850.00, less 10% for the appellee's contributory negligence. The verdict form did not delineate the award between present and future damages. Appellant moved for a new trial on the issue of damages, or to alter or amend the judgment, which were both denied.

The issues on appeal are whether it was error for the district court to admit the Future Damage Calculator into evidence, and if so, whether the error was prejudicial to the appellant requiring reversal. The abuse of discretion standard governs our review of a district court's decision regarding the admissibility of evidence. *Hogan v. American Telephone & Telegraph Co.*, 812 F.2d 409, 410 (8th Cir.1987), citing, *Smith v. Firestone Tire & Rubber Co.*, 755 F.2d 129, 134 (8th Cir.1985). Because we are convinced prejudicial error was committed, we reverse the judgment of the district court and remand for a new trial on the issue of damages.[2]

## II. DISCUSSION

### A. Admitting the Exhibit was Error

As an initial consideration, we must address whether the issue was properly preserved for appeal. Appellee contends that appellant may not seek review for alleged errors not called to the attention of the trial court. She contends the appellant's objections focused only on the life expectancy portion of the exhibit and therefore appellant should be precluded from urging error as to other components. It is clear that both prior to, and at trial, appellant was objecting to the exhibit as a whole, not merely to the life expectancy table. Appellant tendered, *inter alia*, the following objection in its pretrial submissions:

> "Plaintiff's *Exhibit* 17: Defendant objects to *Exhibit* 17 on the grounds that *it* is hearsay, that *it* is not properly authenticated, that *it* constitutes an attempt to introduce expert testimony or opinion into the case ... with no foundation. *It* purports to be a summary of data which is hearsay and not subject to cross-examination...." (emphasis added).

This is essentially the same objection which was raised when appellee offered the exhibit at trial. Appellee's argument in this regard is indicative of the misunderstandings which are the gravamen of this entire appeal. The objections were made to the *entire exhibit*, which included not only the life expectancy table, but a table denoting work life expectancy as well as a method for discounting future damages to present value. The nature of the exhibit compels that the life expectancy table for which it was offered, cannot be separated from the remainder of the exhibit, absent physical excision of inadmissible portions by judicial order or otherwise.[3] The failure to appreciate the multiple

---

1. There is some question as to whether the district court took judicial notice of the *entire* exhibit, i.e., each and every word, number, statement, and comment. Though the court's initial comments may lead to that conclusion, the qualifications made *subsequently* indicate that judicial notice applied exclusively to the life expectancy table.

2. It should be noted that our review of the district court's denial of appellant's motion for new trial is also reviewed on the abuse of discretion standard. *Hicks v. Capitol American Life Insurance Co.*, 943 F.2d 891 (8th Cir.1991).

3. It appears an instruction limiting the jury's consideration of the exhibit may have been prudent. *See* Fed.R.Evid. 105. *It should be noted* that while a district court may propose a limiting

instruction on its own initiative, under the rule, the ultimate burden falls on the party objecting to the evidence ( ... the court, *upon request,* shall restrict the evidence to its proper scope and instruct the jury accordingly). Appellant's failure in this regard does not change our conclusion. Especially because judicial notice was taken of appellee's life expectancy, the present facts present a situation in which the danger of the jury's misuse of the exhibit was great when compared to the value of the exhibit for a legitimate purpose. Under the circumstances, the best course of action should have been wholesale exclusion of the exhibit. McCormick on Evidence, Practitioner Treatise Series, § 59 at 236 (4th ed. 1992).

aspects of this device is the reason appellee's present argument fails, and is the same misunderstanding made by the district court which gave rise to the appeal in the first instance. We are satisfied that appellant adequately preserved its right to appeal.

Appellant contends that the district court abused its discretion in admitting the exhibit into evidence and submitting the exhibit to the jury because there is no basis for such admission under any Federal Rule of Evidence. Of the various rules of evidence cited by appellant in support of its position, it appears the rules relating to expert testimony are most pertinent. In this regard it should be re-emphasized that we are reviewing the submission of the exhibit as a whole. It should also be noted that of the three components of the exhibit, the "present value table" section is the most troubling.[4] Future damages, in the form of future pain and suffering and (importantly) future lost wages, were at issue in the case.[5]

■ There are numerous ways of presenting a case involving future damages. Typically the district court will, as here, take judicial notice of the plaintiff's life expectancy. If the case involves an issue of future lost wages, generally an expert witness is employed who, **once qualified**, opines on various issues including work life expectancy, future damages, and methods for discounting the same to present value. In the present case, no expert was used by appellee regarding future economic damages. Nor was an instruction given about them, other than the fact that the jury was able to award future damages if the facts dictated. Despite the lack of direction, the jury was given, among other exhibits, the Future Damage Calcula-

tor. Following the life expectancy and work life expectancy directions, the exhibit explains that, "After finding the applicable 'Expectancy' you can determine the present value of future payments over that number of years **by using the other side of this calculator (Present Value Tables)**." (Emphasis in the original).

Once the user refers to the reverse side of the exhibit, they are confronted with instructions "[t]o compute the total present value of future lost earnings (or other anticipated annual future damages, e.g. hospital, medical care, drugs, etc.)." Users are instructed to:

1. Set the calculator for the number of years of future earnings, or any other anticipated annual future damages;

2. Choose a fair rate of interest on reasonable safe investments;

3. Read the Present Value for each $ payable in each future year under the fair rate of interest you have chosen;

4. Multiply the total earnings (or other item of damage) in **each** future year times the number you have read on the calculator.

The instructions are followed by an example explaining the use of the calculator to determine the present value of future lost wages and the formula by which the answer is derived.

■ The record reveals no foundation being laid for the exhibit itself or its method of calculation. No evidence was presented as to what would constitute a "fair rate of interest." In short the jury was given this tool to do with as they would. The appellant was not given an opportunity to challenge the author's expertise or methods of calculation. The exhibit is all the more troubling because

---

4. We are not bothered by the admission of the life expectancy table, particularly as the district court took judicial notice of the appellee's life expectancy (though the exhibit itself became cumulative at that point). It has long been held that life expectancy tables are admissible in damage actions for the "consideration of the probabilities of damage over a period of years." *Continental Casualty Company v. Jackson*, 400 F.2d 285, 293 (8th Cir.1968). Similarly, admission of the work life expectancy table is not particularly troubling, although we are concerned that little else was offered to prove this portion of the appellee's case.

5. The present value table is particularly important as to future lost wages component of a damages award, because these are typically reduced to present value. *Taenzler v. Burlington Northern*, 608 F.2d 796, 802 (8th Cir.1979) (Federal Employees Liability Act case). Future pain and suffering, which was also presented to the jury in the present action, is not discounted. *Flanigan v. Burlington Northern Inc.*, 632 F.2d 880, 885–86 (8th Cir.1980), citing, *Chicago & North Western Railway v. Candler*, 283 F. 881 (8th Cir.1922).

the name of the publisher, "Lawyers and Judges Publishing Co.," suggests that the judiciary has vouched for it. The submission of this exhibit into evidence as something resembling expert testimony without foundation, qualification or instruction was an abuse of discretion.[6]

As an additional source of error, the exhibit constituted inadmissible hearsay. Appellee defends the exhibit's admission as falling under the hearsay exception for market reports and commercial publications. Fed.R.Evid. 803(17) provides an exception to the hearsay rule for "market quotations, tabulation, lists, directories, or other published compilations, *generally used and relied upon by the public or by persons in particular occupations.*" (emphasis added). Appellee's contention must fail because the she made no showing and offered no foundation that the exhibit is generally used or relied upon by the public or persons in the legal or other professions.

Further, the appellee again places excessive emphasis on the life expectancy table, as opposed to the exhibit as a whole. There is little doubt that life expectancy or mortality tables are often used by attorneys and courts. This is not the case with regard to the work life expectancy table nor the present value table. Cases cited by the appellee for the propriety of admitting life expectancy or mortality tables are therefore inapposite.[7]

### B. Error was not Harmless

Of course, the mere fact that error was committed by admitting the exhibit does not mandate reversal. An error, in order to be reversible, must affect a substantial right of the objecting party, and the burden of showing prejudice rests on that party. *Tyler v. White*, 811 F.2d 1204, 1207 (8th Cir.1987), citing *Square Liner 360°, Inc. v. Chisum*, 691 F.2d 362 (8th Cir.1982); See also, Fed. R.Civ.P. 61 (cautioning that no error in the admission of evidence is grounds for disturbing a judgment or granting a new trial unless the error is inconsistent with substantial justice and affects the substantial rights of the party urging the error).

We believe the error was prejudicial to the appellant. Certainly one of the central issues in the case was the amount of damages, if any, appellant was to be responsible for. This was a hotly contested issue at trial. In the way of damages, appellee sought, *inter alia*, $260,000 for future wage loss. The exhibit contains evidence which is directly related to the central issue of damages, particularly future damages. The exhibit's title, "Future Damages Calculator," as well as the contents, including a formula and an example for calculating future earnings, demonstrate its relation to the central issue of damages.

The record contains indications that the jury was using the exhibit for improper purposes. During their deliberation, a question was sent by the jury as follows:

> It has been stated that the life expectancy table which was included as an exhibit had to be used in reaching (job, expected years to work). Can we use other figures of averaging and or (sic) we not limited to this table?[8]

---

6. See Rule 702 of the Federal Rules of Evidence, stating:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness *qualified as an expert* by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Clearly the exhibit is not a "witness," but through its observations, charts, conclusions, and directions it nonetheless "testifies." This is especially true as there was no foundation laid or sponsoring witness offered with regard to the exhibit. The exhibit itself was the sole piece of evidence for most of the facts and statements contained therein.

7. Because we have already ruled in favor of the appellant on the issue of admissibility under the sources articulated, we need not rule on appellant's additional assertions of error, including error based on Fed.R.Evid. 901 and 902.

8. The district court responded:

> Ladies and gentlemen, in response to your last question, the Court has determined that it's appropriate to give you an additional instruction. And that instruction is as follows:
> Life expectancy tables are, of course, nothing more than statistical averages. They neither assure the span of life that I have given you, nor assure that the—the span of the plaintiff's life will not be greater. The life expectancy that I have given you is not binding upon you,

Despite its being admitted for the purposes of life expectancy, it is obvious the jury was attempting to use the exhibit to determine work life expectancy. As previously mentioned, under the exhibit's heading for work life expectancy, the user is invited to "determine the present value of future payments over that number of years **by using the other side of this calculator (Present Value Tables).**"

Both parties have the right to untainted jury deliberations and securing a verdict which is based on admissible evidence. Because we are not convinced the jury's damage award would have been the same absent the erroneous admission of the exhibit, the error affected a substantial right of the appellant and must be considered prejudicial. *Drabik v. Stanley–Bostitch, Inc.,* 997 F.2d 496 (8th Cir.1993) (prejudicial error in the admission of evidence which affected the jury's deliberations); *Hale v. Firestone Tire & Rubber Co.,* 756 F.2d 1322, 1333 (8th Cir. 1985) (error in admission of evidence not harmless where it could not be said with certainty that the jury's decision would have been the same absent the evidence); *Gulbranson v. Duluth, Missabe and Iron Range Ry.,* 921 F.2d 139, 142 (8th Cir.1990) (admission of evidence amounted to prejudicial error where it could not be said that the same verdict would necessarily follow absent the erroneous admission).

■ It is impossible to establish with any certainty the degree the jury was influenced by the presence of the exhibit and the precise effect the exhibit had on the general damages verdict issued. However, because the verdict in favor of the appellee was general, we must presume that any and all issues were decided in favor of the prevailing party. *Hicks v. Capitol American Life Ins. Co.,* 943 F.2d 891, 895 (8th Cir.1991) (citations omitted). This includes the issue of future damages, including future wage loss. Because the presence of the erroneously admitted exhibit very possibly tainted the jury deliberations, we must remand this case back to the district court for a new trial on the issue of damages.

Appellee argues that any error committed was harmless in that the evidence admitted was cumulative or irrelevant. We do not agree. Because the district court took judicial notice of appellee's life expectancy, the portion of the exhibit tabulating life expectancy may be called cumulative. Such is not the case with regard to work life expectancy. The sole evidence of work life expectancy elicited at trial was the testimony of the appellee that she, like her mother, planned on working past the typical retirement age. Nothing substantive in the way of medical testimony or testimony on customary work life in the trade was produced on this issue.

The same is clearly true of the present value tables. This portion of the exhibit was the only evidence of calculating the present value of future damages. Nor can it be said that the information contained in the present value table portion of the exhibit was irrelevant. As stated earlier, future damages were at issue in the case through the pleadings and the court's instructions to the jury. As such, the information on the present value portion of the exhibit was relevant.

## III. CONCLUSION

For the reasons stated herein, we reverse the district court and remand this case for a new trial on the issue of damages.

but may be considered by you, together with your own experience, and the evidence that you have had concerning the condition of

plaintiff's health, her habits, employment and activities, in determining what the plaintiff's present life expectancy is.

298

APPENDIX

# FUTURE DAMAGE CALCULATOR

Use This Side for Determining Life and Work Expectancy
Use Other Side to Determine Present Value of Payments

| AGE | LIFE EXPECTANCY | | WORK LIFE EXPECTANCY | |
|---|---|---|---|---|

## PRESENT VALUE TABLES

| YEARS | 1% | 1½% | 2% | 2½% | 3% | 4% | 5% | 6% | 8% | 10% | 12% | 14% |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

PRESENT VALUE OF ANNUAL FUTURE
PAYMENTS FOR EACH $1 PAYABLE
EACH FUTURE YEAR

## — INSTRUCTIONS —

To compute the total present value of future lost earnings (or any other anticipated annual future damages, e.g. hospital, medical care, drugs, etc.)—

Based on formula: $A = \frac{1-(1+i)^{-n}}{i}$ (P²/n)

A = present value of the annuity.
n = number of years over which the annuity is to be paid
i = interest rate assumed.
p = total principle sum over the entire period of the annuity

Lawyers and Judges Publishing Co.
3030 East Bellevue • Tucson, Arizona 85716