# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2437

_____

| | | |
|---|---|---|
| Delbert Siebrasse, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| United States Department of | * | of South Dakota. |
| Agriculture; Donald Siebrasse, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: March 14, 2005
Filed:  August 10, 2005

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Delbert Siebrasse appeals the district court's[1] order affirming the United States Department of Agriculture's (USDA) refusal to restore two sections of land he

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

inherited from his father to the Production Flexibility Contract (PFC) program.[2] We affirm.

I

The following facts are undisputed.[3] Delbert and Donald Siebrasse are the sons of Henry Siebrasse. Henry was a farmer in Potter County, South Dakota, who, at the time he died on May 1, 1999, owned 2,720 acres of farmland. In 1979, using Agricultural Stabilization and Conservation Service (ASCS) Form 211, Henry executed a power of attorney appointing Donald his agent for purposes of participation in USDA farm programs. The form stated "[t]his power of attorney shall remain in full force and effect until written notice of its revocation has been duly served upon the Potter County ASCS County Committee." The form remained on file with the Potter County ASCS office and was used by Donald to manage his father's affairs with the USDA until Henry died.

In 1991, Henry executed a durable power of attorney in favor of Donald. The new power of attorney limited Donald's ability to sell Henry's land but did not limit his ability to manage Henry's land for purposes of USDA programs. The USDA was never notified of the 1991 durable power of attorney.

---

[2]Under the Federal Agricultural Improvement and Reform Act of 1996, the USDA, through the Commodity Credit Corporation, may enter into PFC agreements which impose various crop planting, conservation, and land use restrictions in exchange for farm payments.

[3]South Dakota Local Rule 56.1 required USDA to file a Statement of Undisputed Material Facts with its motion for summary judgment and required Delbert to controvert any material facts he believed were contested. Delbert failed to controvert any of USDA's factual assertions and the district court deemed them admitted.

In 1996, in conjunction with the Agricultural Market Transition Act Program (AMTA), the USDA undertook a review of all power of attorney forms on file and sent out notices to all farm program participants. The Potter County Farm Service Agency (FSA)[4] sent Henry a notice, in care of Donald, indicating the ASCS-211 on file allowed Donald to enroll his land in AMTA programs, and if Henry wished to change or revoke the form he should contact the office. Neither Henry or Donald responded to the letter.

Delbert contends Henry was incompetent by 1996 and unable to manage his affairs. Delbert further contends Donald engaged in mismanagement of Henry's lands for his own benefit and purposefully withheld information from his father. The district court, however, pursuant to the undisputed statement of material facts, concluded Henry was not declared incompetent until August 13, 1998.

In 1996, Henry leased his land to Donald and agreed Donald would receive 66.6% of all farm program payments. In 1997, Donald enrolled two sections of Henry's land into the Conservation Reserve Program (CRP). Under the applicable USDA regulations, putting the two sections into CRP rendered them ineligible for participation in the PFC program. Conversely, taking two of Henry's sections out of the PFC program allowed Donald to reallocate those PFC acres to his own land. Delbert contends Donald's "self-dealing" and reallocation of PFC acres to his own land was fraudulent and done in violation of USDA regulations.

When Henry died in May 1999, the two sections of land were bequeathed to Delbert. The USDA advised Delbert he could leave the land in CRP but he chose to terminate the contracts and asked the USDA to restore eligibility for participation in the PFC program. In January 2002, the Potter County FSA denied the request. Delbert appealed unsuccessfully to the State FSA Committee, the National Appeals

---

[4]The Potter County ASCS office has been redesignated as a local FSA office.

Division of the USDA and the Director. After exhausting his administrative appeals, Delbert appealed to the district court which granted the USDA's and Donald's motions for summary judgment and affirmed the agency decision.

In this appeal, Delbert argues Donald's transfer of the land into CRP in 1997 was fraudulent. First, he contends Henry was incompetent at the time he entered into the lease with Donald. Additionally, Delbert argues Donald rendered Henry's land less valuable when he placed it into CRP and reallocated the PFC acres to his own land. Finally, Delbert contends the USDA failed to follow it's own regulations when it sent the notice regarding Donald's power of attorney to Donald, thereby facilitating the fraud. The USDA and Donald argue Delbert has no standing to attack the transaction because it occurred when Delbert had no ownership interest in the land. And even assuming Delbert has standing, the decision by the USDA not to restore PFC eligibility was neither arbitrary or capricious.

II

We review a district court's summary judgment decision de novo, applying the same standards as those employed by the district court. Phillips v. Taco Bell Corp., 156 F.3d 884, 887 (8th Cir. 1998). Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates the absence of any genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As previously noted, Delbert failed to contest the USDA's Statement of Undisputed Material Facts. Thus, despite Delbert's attempts to introduce additional information, the facts necessary to decide the appeal are not in dispute.

When reviewing an agency decision, we accord substantial deference to the agency's interpretation of the statutes and regulations it administers. Vue v. INS, 92 F.3d 696, 699 (8th Cir. 1996) (citation and quotations omitted). We will defer to the

agency's interpretation "so long as it is not arbitrary, capricious, an abuse of discretion, or otherwise not supported by law." Minnesota v. Apfel, 151 F.3d 742, 745 (8th Cir. 1998) (internal quotations omitted); see 5 U.S.C. § 706(2)(a). "Whether an agency's action is arbitrary and capricious depends on whether 'the agency has . . . offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" Mausolf v. Babbitt, 125 F.3d 661, 669 (8th Cir. 1997) (quoting Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)).

First, the USDA determined Delbert lacked standing to appeal the decision to place the land in CRP because it took place before he owned it. We disagree. If Delbert had attempted in 1997 to thwart Donald's efforts, he would have lacked standing because he had no legal interest in the land. When this action was initiated, however, Delbert held title to the land. Delbert's arguments in favor of restoring the land's eligibility may be ineffective, but we see no reason why, as the current owner of the land, he lacks standing to request the USDA to restore PFC eligibility. Thus, we construe his claim as a request to the USDA, based on his brother's alleged mishandling of the land, for it to exercise its discretion and restore PFC eligibility to the land Delbert inherited.

Next, the USDA determined it followed its policies when the letter regarding Henry's power of attorney was sent to him in care of Donald. The district court found Delbert failed to present any evidence indicating Henry did not receive the notice. We conclude those findings are supported by record and are therefore affirmed.

Delbert, however, argues Henry was incompetent when the notice was sent and thus, the notice was ineffective. Delbert's arguments are contradicted by the record. The statement of undisputed facts indicates Henry was first declared incompetent in 1998. Therefore, the USDA could reasonably find Henry was competent and the

decision by Donald to place the land into CRP was made pursuant to a valid power of attorney.

Finally, Delbert argues the 1991 power of attorney prevented Donald from undertaking any actions regarding Henry's real estate, including placing it in CRP. Once again Delbert's arguments are unsupported by the record. The only restriction the 1991 power of attorney placed on Donald was he could not sell the land. Even assuming the 1991 power of attorney placed additional limitations on Donald's authority, it only became effective when Donald determined Henry was unable to carry out his own affairs. Despite Delbert's assertions to the contrary, the record indicates Henry was not declared incompetent until after the land was placed into CRP. Finally, it is undisputed the USDA was never notified about the 1991 power of attorney, and thus it acted reasonably in relying on the power of attorney that had authorized Donald since 1979 to act on his father's behalf.

III

The judgment of the district court is affirmed.

_____