# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

Nos. 07-3451/3482/3630

———————

| | |
|---|---|
| Charles F. Gill, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the District of |
| Geoff Maciejewski, acting in his | * Minnesota. |
| individual capacity as an officer of the | * |
| University of Minnesota Police | * |
| Department, | * |
| | * |
| Defendant - Appellant. | * |

———————

Submitted: June 13, 2008
Filed: November 4, 2008

———————

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

———————

BYE, Circuit Judge.

Charles F. Gill incurred a "knee drop" to his head while pinned to the ground by University of Minnesota police officers outside a Minneapolis bar, causing several facial fractures and other injuries. Gill brought a 42 U.S.C. § 1983 action against Officer Geoff Maciejewski alleging the use of excessive force. A jury returned a verdict in favor of Gill and awarded damages. The district court[1] denied

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

Maciejewski's motion for judgment as a matter of law (JAML), holding Gill presented sufficient evidence to support his excessive force claim. The district court also denied Maciejewski's motion to reduce the damage award by the amount Gill's health insurer paid to cover the cost of medical treatment, and awarded Gill attorney's fees and costs. On appeal, Maciejewski argues Gill failed to meet his burden of proving excessive force. Maciejewski also challenges the district court's 1) evidentiary rulings and jury instructions, 2) exclusion of testimony regarding Gill's criminal history and statements made by Gill's lawyer, 3) denial of his motion to offset the damage award, and 4) the award of lawyer's fees and costs. We affirm.

I

The facts, viewed in the light most favorable to the nonmoving party, Siebrasse v. U.S. Dep't of Agric., 418 F.3d 847, 850 (8th Cir. 2005), are as follows. On January 1, 2005, Gill attended a New Year's Eve party at Sally's Saloon near the University of Minnesota campus. Gill entered the bathroom of the bar during the evening and was struck in the face by a bar patron. Gill pinned the patron against the bathroom wall, and bar security intervened to break up the struggle.

Security escorted Gill out of the bar and ejected him when he attempted to reenter. Gill testified bar security initiated a physical struggle in the parking lot and pinned him against a car. Shortly thereafter, University of Minnesota police officers arrived and intervened. Gill offered no resistance as the officers forced him to the pavement. While restrained and on the ground, Gill observed a police officer, later identified as Maciejewski, carrying a pepperball gun. Gill testified the officer took three steps toward him and dropped a knee to his head.

Maciejewski denied attacking Gill. He conceded, however, he was the only officer carrying a pepperball gun, and Maciejewski was identified by other police

-2-

officers as the only officer carrying a pepperball gun. Additionally, three of Gill's friends testified the police officer carrying the pepperball gun performed the knee drop.

Gill was arrested and taken to jail. His father posted bail and took him to the hospital where Gill was examined and diagnosed with five facial-bone fractures, a concussion, and bleeding into the brain. The examining physician testified Gill's head injuries were consistent with a knee drop. The injuries required corrective surgery, several days of bed rest, pain medication, sleeping aids, and left Gill with recurring headaches.

II

A

Maciejewski first argues the district court erred in denying his motion for JAML. We review the district court's denial of JAML de novo. Gardner v. Buerger, 82 F.3d 248, 251 (8th Cir. 1996). "Judgment as a matter of law is appropriate only when the nonmoving party fails to present enough evidence to permit a reasonable jury to decide in his favor." Id. at 251 (citing Johnson v. Cowell Steel Structures, Inc., 991 F.2d 474, 478 (8th Cir. 1993)). The nonmoving party must present more than a "mere scintilla" of evidence, id. at 254 (citing City of Omaha Employees Betterment Ass'n v. Omaha, 883 F.2d 650, 651 (8th Cir. 1989)), and we are required to view the evidence in the light most favorable to the prevailing party, Christensen v. Titan Distribution, Inc., 481 F.3d 1085, 1092 (8th Cir. 2007). The moving party bears a heavy burden on a motion for JAML. Haynes v. Bee-Line Trucking Co., 80 F.3d 1235, 1238 (8th Cir. 1996) (citation omitted).

We analyze Fourth Amendment excessive force claims under a reasonableness standard to determine whether, in light of the facts and circumstances, the officer's actions were objectively reasonable. Graham v. Connor, 490 U.S. 386, 396 (1989). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." Id. at 396-97. The objectively reasonable standard is viewed from the vantage point of the police officer at the time of arrest or seizure. Wertish v. Krueger, 433 F.3d 1062, 1066 (8th Cir. 2006).

The evidence shows Gill did not resist and complied with the officers' demands. While Gill was pinned to the ground by multiple officers, Maciejewski approached and smashed his knee into the hapless suspect's head. Maciejewski denies the attack but was identified by fellow police officers as the only one carrying a pepperball gun. Other witnesses testified the officer carrying the pepperball gun performed the knee-drop maneuver. Maciejewski's denial notwithstanding, he concedes, under these circumstances, a knee drop to the head would constitute excessive force. Finally, the medical evidence indicates Gill sustained numerous injuries consistent with a knee drop to the head.

This evidence fully supports the jury's finding of excessive force and is sufficient to withstand Maciejewski's JAML motion.

B

Maciejewski next argues the district court improperly excluded evidence of Gill's criminal history, and statements made by Gill's counsel during his criminal trial.

-4-

A district court is possessed with broad discretion in its evidentiary rulings made at trial, and we will reverse only if they amount to "a clear and prejudicial abuse of discretion." Lovett ex rel. Lovett v. Union Pac. R.R. Co., 201 F.3d 1074, 1081 (8th Cir. 2000). To warrant reversal, an error "must affect a substantial right of the objecting party, and the burden of showing prejudice rests on that party." ACTONet, Ltd. v. Allou Health & Beauty Care, 219 F.3d 836, 848 (8th Cir. 2000) (quoting Crest Tankers, Inc., 47 F.3d 292, 296 (8th Cir. 1995)). "Only when the evidence excluded is of such a critical nature that there is 'no reasonable assurance that the jury would have reached the same conclusion had the evidence been admitted' has a district court so abused its discretion." Stephens v. Rheem Mfg. Co., 220 F.3d 882, 885 (8th Cir. 2000) (quoting Adams v. Fuqua Indus., Inc., 820 F.2d 271, 273 (8th Cir. 1987)).

1

Following his arrest, Gill was charged criminally with obstructing legal process and disorderly conduct. A jury acquitted him of both charges. At his criminal trial, Gill testified he had never been convicted of a crime. At his deposition in the § 1983 action, however, he admitted having a criminal history. Gill moved to exclude evidence of his criminal history as well as any reference to his testimony denying the convictions in the criminal trial. He argued the convictions were improper impeachment evidence under Fed. R. Evid. 609, and reference to his earlier inaccurate testimony would be unfairly prejudicial under Fed. R. Evid. 403. Maciejewski argued Gill committed perjury in the criminal proceeding and his denial was admissible under Fed. R. Evid. 608(b) as probative of his character for truthfulness. Based on Gill's deposition testimony, the district court found Gill's incorrect testimony resulted from a mistaken belief and did not evince an intent to mislead. Accordingly, the court rejected Maciejewski's perjury claims and excluded the evidence.

The district court credited Gill's explanation for the false testimony and we find no cause to discount those findings. United States v. McCarthy, 97 F.3d 1562, 1579 (8th Cir. 1996) (internal citation omitted) ("Credibility determinations are within the exclusive domain of the district court, and are virtually unreviewable on appeal."). Thus, the evidence was not probative of Gill's character for truthfulness and district court did not abuse its discretion by holding it inadmissible.

2

Maciejewski next contends the district court erred by excluding a statement made during the criminal trial by Gill's lawyer. During the criminal trial, Gill's lawyer stated: "So almost four months after this incident we still don't know if it was Officer Maciejewski or Sergeant Reineke or Officer Hermes who did the knee drop. No one has accepted responsibility." Maciejewski argues the statement adheres to the evidentiary rule that "statement[s] by a person authorized by the party to make a statement concerning the subject" are admissions against interest. Fed. R. Evid. 801(d)(2)(C)-(D). Maciejewski, however, takes unwarranted liberties with the context of the statement. It is clear from the transcript counsel's statement was prompted by Maciejewski's failure to attend and testify at Gill's criminal trial. Gill's lawyer was calling attention to Maciejewski's inexplicable absence – not suggesting Gill did not know who caused his injuries. Accordingly, the district court properly excluded the statement.

C

Maciejewski next contends the district court's Jury Instruction Number 16 was confusing and constitutes reversible error. We review a district court's jury instructions for abuse of discretion. Warren v. Prejean, 301 F.3d 893, 900 (8th Cir. 2002) (citing B & B Hardware, Inc. v. Hargis Indus., Inc., 252 F.3d 1010, 1012-13 (8th Cir. 2001)). "[A] district court has broad discretion in instructing the jury, and

jury instructions do not need to be technically perfect or even a model of clarity." B & B Hardware, Inc. v. Hargis Indus., Inc., 252 F.3d 1010, 1012 (8th Cir. 2001) (citations and internal quotation omitted). Our review is limited to "whether the instructions, taken as a whole and viewed in the light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc., 254 F.3d 706, 711 (8th Cir. 2001) (quoting White v. Honeywell, Inc., 141 F.3d 1270, 1278 (8th Cir. 1998)) (internal quotations omitted). We will only reverse if an instructional error affected the substantial rights of the parties. Id.

At trial, Maciejewski offered evidence suggesting Gill failed to call him as a witness in the criminal proceedings because Maciejewski had no relevant knowledge of the incident. The district court, concerned the jury might be confused, gave the following instruction clarifying a criminal defendant's evidentiary burden.

> You have heard testimony in this trial that the plaintiff, Charles Gill, was found not guilty at a prior criminal trial. Keep in mind, however, that you must decide this case solely on the evidence presented to you in this trial. The fact of a previous criminal trial should have no bearing on your decision in this case.

. . . .

> You are instructed that a defendant in a criminal trial is presumed innocent of the crime charged. The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

-7-

Maciejewski argues the instruction failed to state Gill *could* have called Maciejewski to testify in the criminal proceeding. He also argues the instruction should have stated Gill's acquittal did not equate to a finding of innocence. Finally, he argues the instruction misled the jury by suggesting Gill had no burden to produce evidence in either the criminal or civil trial.

We reject Maciejewski's arguments. The burden of proof in the criminal trial had no direct bearing on this action, but became an issue when Maciejewski intimated Gill unreasonably failed to call him to testify. Thus, it was not an abuse of discretion for the district court to instruct the jury a criminal defendant has no obligation to call witnesses. Further, there was nothing improper or inaccurate about the instruction's recitation of the "not guilty" verdict. The district court properly concluded it would be unfairly prejudicial to present evidence of a criminal proceeding without telling the jury Gill was acquitted. Finally, the instruction clearly states a *criminal defendant* has no burden to present evidence or call witnesses, but in no way abrogated Gill's burden of proof in the civil proceedings.

D

The jury awarded Gill $10,000 in compensatory damages. He also received $9,906.98 from his insurer to cover the cost of medical treatment. Maciejewski contends the district court erred in refusing to reduce the $10,000 jury award by the amount of medical benefits Gill received from his insurer. Maciejewski argues the district court erroneously applied the common law collateral source rule instead of Minnesota's rule found at Minn. Stat. Ann. § 548.36(3).

"The common law collateral source rule holds that the defendant's liability shall not be reduced merely because the plaintiff's net damages are reduced by payments received from others." Arneson v. Callahan, 128 F.3d 1243, 1248 (8th

Cir. 1997) (citing <u>NLRB v. Gullett Gin Co.</u>, 340 U.S. 361, 364 (1951)). We first note "[t]he collateral source rule applies to § 1983 actions." <u>Perry v. Larson</u>, 794 F.2d 279, 286 (7th Cir. 1986) (citing <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 231-232 (1970)). Further, "when § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts." <u>Memphis Cmty. Sch. Dist. v. Stachura</u>, 477 U.S. 299, 306 (1986) (citations omitted); <u>see also</u> <u>Timm v. Progressive Steel Treating, Inc.</u>, 137 F.3d 1008, 1010 (7th Cir. 1998) (noting the federal common law of damages applies to actions brought under 42 U.S.C. § 1983). Thus, the district court correctly applied the common law collateral source rule.

Maciejewski's argument against this result relies on 42 U.S.C. § 1988(a)'s language directing federal courts to apply state law when federal law proves deficient or unable to provide a suitable remedy. Section 1988, however, only applies when federal law is inadequate. For example, federal law provides no remedy under § 1983 for wrongful death. Thus, courts applying § 1983 look to the states' wrongful death statutes for a suitable remedy not inconsistent with the Constitution and laws of the United States. <u>See, e.g.</u>, <u>Pollard v. United States</u>, 384 F. Supp. 304, 306 (M.D. Ala. 1974). In this instance, federal law is neither deficient nor unable to provide a suitable remedy. Indeed, other than his desire for a contrary result, Maciejewski offers no explanation for why the federal common law applied by the district court fails to provide a suitable remedy.

E

Finally, Maciejewski appeals the district court's award of attorney's fees. He argues Gill only achieved limited success, which does not justify the fee award.

In deciding whether a district court's award of attorney's fees is excessive, we apply an abuse of discretion standard.  <u>Warnock v. Archer</u>, 380 F.3d 1076, 1083 (8th Cir. 2004).  In a § 1983 action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."  42 U.S.C. § 1988(b).  "To be a prevailing party, a plaintiff must 'succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"  <u>Forest Park II v. Hadley</u>, 408 F.3d 1052, 1059 (8th Cir. 2005) (quoting <u>Farrar v. Hobby</u>, 506 U.S. 103, 109 (1992)).  The amount of the damage award does not change the prevailing party inquiry, but does bear on the quantum of fees awarded.  <u>See</u> <u>Loggins v. Delo</u>, 999 F.2d 364, 369 (8th Cir. 1993) (noting limited success will limit the attorney's fee award).

Despite Maciejewski's protestations, it is beyond peradventure Gill succeeded in vindicating the asserted constitutional violation.  Thus, we reject Maciejewski's contrary arguments as without merit.  Further, we find the fee award was not excessive.  First, Maciejewski did not challenge the hourly rates requested.  Additionally, the court reduced the costs request by excluding expert witness fees, and denying Gill's request for attorney's fees related to the criminal proceedings.  Finally, the court specifically found its fee award supported by the significant success Gill achieved.  Therefore, the district court's award of costs and fees was not an abuse of discretion.

## III

The judgment of the district court is affirmed.

_____