# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 02-1251/2115

_____

| | | |
|---|---|---|
| Dr. Genick Bar-Meir, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeals from the United States |
| | * | District Court for the |
| North American Die Casting | * | District of Minnesota. |
| Association, MN Chapter 16; Henry | * | |
| Bakemeyer; Larry Winkler, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: December 3, 2002
Filed: December 19, 2002

_____

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Genick Bar-Meir filed this action against the North American Die Casting Association (NADCA) MN Chapter 16; its Vice Chairman for Education, Larry Winkler; and Henry Bakemeyer, a Wisconsin resident hired to teach NADCA courses. He claimed they infringed his copyright of a book entitled "Fundamentals of Die Casting Design" by selling materials for a course created by non-party

NADCA.  Bar-Meir appeals the district court's[1] grant of summary judgment for defendants, all pretrial rulings,[2] and the award of costs and attorneys' fees against him.

We agree with the district court that the undisputed evidence shows defendants never possessed the materials Bar-Meir claims were infringing, and thus defendants could not be responsible for displaying or distributing the materials.  See Sony Corp. v. Universal City Studios, Inc., 464 U.S. 417, 433 (1984) (defining infringer of copyright).  Moreover, the course syllabus he alleges was derived from his book was not substantially similar, and thus was not infringing.  See Hartmann v. Hallmark Cards, Inc., 833 F.2d 117, 120 (8th Cir. 1987) (test for substantial similarity).  We reject Bar-Meir's contention that he was improperly denied an oral argument on the summary judgment motion.  See Chrysler Credit Corp. v. Cathey, 977 F.2d 447, 448-49 (8th Cir. 1992) (per curiam).  We hold there was no abuse of discretion in any of the discovery rulings, see SDI Operating P'ship v. Neuwirth, 973 F.2d 652, 655 (8th Cir. 1992) (standard of review), or in denying Bar-Meir leave to file an amended complaint, see Deutsche Fin. Servs. Corp. v. BCS Ins. Co., 299 F.3d 692, 700 (8th Cir. 2002) (standard of review).

We also hold the district court did not abuse its discretion in awarding defendants their costs and attorneys' fees, upon finding that the action was objectively unreasonable and there was a need to deter future similar suits.  See 17 U.S.C. § 505; Mary Ellen Enters., Inc. v. Camex, Inc., 68 F.3d 1065, 1072 (8th Cir. 1995) (standard of review; factors to consider in imposing costs and fees).

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

[2]The Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.