# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3717

_____

Lea Drennan,                                       *
                                                   *
        Plaintiff - Appellant,             *
                                                   *    Appeal from the United States
        v.                                 *    District Court for the Eastern
                                                   *    District of Arkansas.
                                                   *
Pulaski County Special School District,            *
                                                   *
                                                   *
        Defendant - Appellee.              *

_____

Submitted: August 5, 2004
Filed: August 14, 2006

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

      Lea Drennan (Drennan), as a parent of disabled child J.R. Drennan (J.R.), brought this action for attorney's fees and costs incurred in an administrative proceeding pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§

1400-1487 (IDEA).[1]  Drennan alleges she was a prevailing party at a due process hearing with the Arkansas Department of Education in which a Hearing Officer directed the Pulaski County Special School District (School District) to provide extended-year services to J.R. for the next two calendar school years.  The district court[2] concluded that Drennan's claim was barred by the statute of limitations.  In the alternative, the district court concluded that Drennan was not a prevailing party.  We affirm.

J.R. was enrolled in the School District, which provided him with special education services under an Individual Education Plan.  He had diagnoses including attention deficit hyperactivity disorder, oppositional defiant disorder and depression.  The IDEA requires the School District to provide a "free appropriate public education" in the least restrictive environment for the student.  20 U.S.C. §§ 1401(9) and 1412(a)(1), (a)(5).

Parents of disabled children are entitled to specific procedural safeguards to ensure proper programing and placement for their children, including an impartial due process hearing to challenge any decision made by a local educational agency.  20 U.S.C. § 1415(f)(1).  Further, under the Handicapped Children's Protection Act, 20 U.S.C. § 1415(i)(3)(B), courts may award reasonable attorney's fees and costs to parents or guardians who prevail in any action or proceeding under 20 U.S.C. § 1415 challenging the decision made by the local educational agency.

---

[1]All IDEA statutory citations are to the current version of the United States Code.  Although the locations of various IDEA provisions have changed since this litigation began, the substance of the relevant provisions has not.

[2]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

In this case, a dispute arose concerning the least restrictive environment for J.R.'s education. Specifically, the School District sought to place J.R. at a psychiatric day treatment facility. Drennan disagreed with the School District's proposed placement, arguing that it was not the least restrictive environment for J.R. Drennan laid out her proposed resolution in her Initial Request for Due Process Hearing. She wrote as follows:

1. Independent Evaluation to address emotion component
2. Compensatory Education to address[:]
   a) failure of 7th grade; b) lack of special education placement for 1996-98 and c) Discipline/Suspensions/change of placement in 1998-99 school year
3. Development of Appropriate Program
4. Development of Appropriate Behavior Management Program
5. Consultant of Parent's choice to serve on the IEP team to assist in programming and development of behavior intervention plan to be paid by [School District].

A due process hearing was held before a Hearing Officer. On April 4, 1999, the Hearing Officer issued a Report and Decision, in which he directed the School District to provide extended-year services for two calendar school years. Drennan did not appeal the decision, and it became final. 20 U.S.C. § 1415(e)(1). Drennan then filed this action seeking an award of $13,065 in attorney's fees and costs, alleging she was a prevailing party. The district court found that the claim for attorney's fees was barred by the statute of limitations. In the alternative, the court found that Drennan was not a prevailing party, and therefore not entitled to relief. Drennan now brings this timely appeal.

We first address whether Drennan is a prevailing party. To determine whether Drennan is a prevailing party, we examine whether she obtained "actual relief on the merits of [the] claim [that] materially alter[ed] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the

-3-

plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). Any relief obtained "'must directly benefit [the plaintiff] at the time of the judgment or settlement.'" Warner v. Indep. Sch. Dist. No. 625, 134 F.3d 1333, 1338 (8th Cir. 1998) (quoting Farrar, 506 U.S. at 111).

The case at bar is analogous to our decision in Hale v. Poplar Bluff R-I Sch. Dist., 280 F.3d 831 (8th Cir. 2002), where the school district was ordered to unconditionally provide relief in the form of "extended-school-year services for one summer . . . ." Id. at 834. In that case, we upheld a denial of attorney's fees where the district court found that the parents "prevailed on only a very small and technical part of their claim," and where the parents did not cooperate with the school district. Id. at 833. In this case, Drennan received an order for limited relief in the form of extended-year services in core academic courses for the next two calendar years.

The relief in Hale and in the case at bar are similar: the district court ordered extended-year services in both instances. Unlike in Hale where the grant was unconditional, the relief in this case was even more tenuous because the Hearing Officer conditioned the limited relief on Drennan discharging certain duties. Specifically, Drennan was ordered to provide records to the school district so they could be used in formulating a new IEP. Drennan never discharged these duties and the relief was not received. Rather, Drennan moved J.R. to another district and none of the relief was implemented. This conditional, unrealized grant of services did not provide a direct, immediate benefit to J.R. Accordingly, we conclude that the district court correctly found the award in this case is not sufficient to make Drennan a prevailing party. Because we hold that Drennan is not a prevailing party, we need not address the issue of the statute of limitations.

For the foregoing reasons, we affirm the judgment of the district court.

_____