**ZHENG LIU, Plaintiff,**

v.

**Michael CHERTOFF, Secretary, U.S. Department of Homeland Security; Emilio Gonzalez, Director, U.S. Citizenship and Immigration Services; Denise M. Frazier, Director, U.S. Citizenship and Immigration Services, Saint Paul District Office; and Robert S. Mueller, Director, Federal Bureau of Investigation; Defendants.**

**Civil File No. 06–3851 (MJD/SRN).**

United States District Court,
D. Minnesota.

March 14, 2008.

gration Services ("USCIS"). On August 12, 2005, the USCIS requested the FBI name check on Liu. On December 12, 2005, Liu was interviewed by the USCIS in the Saint Paul District Office. However, no decision on his application was made.

Liu inquired about his status multiple times, but was informed that no decision could be made until his FBI name check was completed. On September 27, 2006, Liu filed a pro se Petition for Hearing on Naturalization Application under 8 U.S.C. § 1447(b) with this Court. Liu requested a Court order adjudicating his naturalization application or remand to the USCIS requiring Defendants to immediately adjudicate his naturalization application.

The Government filed a Motion to Dismiss or Alternatively to Remand. It requested that the Court dismiss Liu's case for lack of jurisdiction. Alternatively, the Government asked the Court to remand the matter to the USCIS with no specific time limit placed on the USCIS and the FBI to complete Liu's background check and naturalization application.

Herbert Igbanugo, Igbanugo Partners Int'l Law Firm, PLLC, for Plaintiff.

Friedrich A.P. Siekert, Assistant United States Attorney, for Defendants.

Liu filed a timely pro se response to Defendants' motion to dismiss on February 22, 2007. On March 8, 2007, Liu's newly retained counsel, Herbert Igbanugo, entered his appearance in this matter and filed a supplemental memorandum in opposition to the motion to dismiss.

## MEMORANDUM OF LAW & ORDER

MICHAEL J. DAVIS, District Judge.

### I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Attorney's Fees and Costs under the Equal Access to Justice Act [Docket No. 30] and on Defendants' Motion to Dismiss as Moot [Docket No. 38].

### II. FACTUAL BACKGROUND

On July 25, 2005, Plaintiff Zheng Liu filed an N–400 Application for Naturalization with the U.S. Citizenship and Immi-

On March 28, 2007, the parties appeared for oral argument, but the Court heard no oral argument and informed the parties that it had reviewed the matter, had recently issued a ruling in a similar case, and would be remanding the matter. On April 13, 2007, the Court issued its written order and granted in part and denied in part Defendants' Motion to Dismiss or Alternatively, to Remand and remanded the matter to the USCIS to adjudicate Liu's application within 6 months.

In its Order, the Court noted that if the USCIS fails to render a decision within 120 days after the date on which the examination is conducted under § 1446, the applicant may seek immediate judicial review. 8 U.S.C. § 1447(b). The district court "may either determine the matter or remand the matter, with appropriate instructions, to [the USCIS] to determine the matter." *Id.* The Court noted that USCIS had "a non-discretionary duty to process the application within a reasonable time," and that "[a]t some point, USCIS's delay becomes unreasonable." (Apr. 13, 2007 Order at 7 (citation omitted).) The Court concluded that neither the USCIS nor the Court had the authority to act on Liu's naturalization application while his mandatory background check was pending. (*Id.* at 5–6.) Instead, the Court concluded that remand was appropriate, so that US-CIS could make a final determination on Liu's naturalization application after all background checks have been completed. (*Id.* at 6.)

Defendants requested that the Court impose no time limit on USCIS's actions, while, in his supplemental memorandum, Liu asked that the Court order the USCIS to resolve his application within thirty days. The Court concluded that, balancing "the heavy workload facing the FBI and the USCIS" with the fact that Liu had already waited so long and had already undergone Government background checks, a six-month time limit was appropriate. *Id.* at 7. The Court ordered Liu's request for adjudication of his application for naturalization be remanded to the US-CIS with instructions that USCIS issue a determination on Liu's naturalization application within six months of the date of its Order. (*Id.* at 7–8.) Furthermore, the Court ordered that Defendants be ordered to show cause to this Court for any failure to comply with the substance of the Court's Order and to do so within thirty days of the expiration of the six-month deadline set forth in the Order. (*Id.* at 8.) Finally, Liu's Petition for Hearing on Naturalization Application was stayed during the pendency of the USCIS's compliance with the substance of the Court's Order. (*Id.*)

At some point before May 11, 2007, Liu's name check was cleared and he was ready for naturalization. (Pl. Ex. 3.) On May 17, 2007, the USCIS sent Liu a Notice of Naturalization Oath Ceremony. (*Id.*; Siekert Decl. ¶ 4.) On June 12, 2007, Liu became a naturalized citizen of the United States. (Pl. Ex. 4.)

Liu now requests attorney fees and costs in the amount of $16,087.79.

## III. DISCUSSION

### A. Whether this Matter is Moot

Defendants move to dismiss this action for lack of subject matter jurisdiction because the action is moot. They claim Liu's Petition is moot because he has now been naturalized. Liu does not oppose Defendants' motion to dismiss, but notes that dismissing the case will not preclude the Court from awarding attorney fees and costs. Based on the parties' agreement, the Court will grant Defendants' Motion to Dismiss as Moot. [Docket No. 38].

### B. Whether Liu Is Entitled to Fees and Costs

#### 1. Standard

Liu seeks an award of attorney fees and costs of $16,087.79 under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). "The EAJA provides that a prevailing party is entitled to an award of fees and expenses in any action brought by or against the United States 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.' 28

U.S.C. § 2412(d)(1)(A)." *U.S. S.E.C. v. Zahareas,* 374 F.3d 624, 626 (8th Cir.2004).

In order to recover attorney fees under the EAJA, Liu must show that his net worth did not exceed $2,000,000 at the time he filed the action, and that he was the prevailing party in the action. If Liu meets his burden, the United States has the burden of showing that its position was substantially justified or that special circumstances render an award unjust. *Huett v. Bowen,* 873 F.2d 1153, 1155 (8th Cir.1989); *see also* 28 U.S.C. § 2412(d)(1)(A), (d)(2)(B).

## 2. Whether Liu Is a Prevailing Party

### a. Liu's Net Worth

Liu meets the net worth requirement. He has filed a sworn affidavit providing that his worth has not exceeded $2,000,000 from the time his case was filed through the present. (Liu Aff. ¶ 4.)

### b. Liu's Initial Pro Se Status

■ Defendants assert that Liu is not entitled to an EAJA fee award because, at the time Liu filed his Petition and his memorandum in opposition to the motion to dismiss, he was proceeding pro se. Pro se litigants are not entitled to EAJA fee awards. *Kooritzky v. Herman,* 178 F.3d 1315, 1320–21 (D.C.Cir.1999). The Court concludes that this argument does not affect Liu's request for attorney fees. Liu is not seeking fees for work done while he was pro se; he only seeks attorney fees for work done by the attorneys that he hired during the pendency of the case. Liu's initial pro se status does not preclude an attorney fee award.

### c. Whether Liu "Prevailed"

■ "[T]o qualify as a 'prevailing party,' a plaintiff must obtain 'actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *John T. v. Iowa Dept. of Educ.,* 258 F.3d 860, 863–64 (8th Cir.2001) (quoting *Farrar v. Hobby,* 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). In other words, "a plaintiff must secure a 'judicially sanctioned change in the legal relationship of the parties' to qualify as a prevailing party." *Cody v. Hillard,* 304 F.3d 767, 772 (8th Cir.2002) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). "Any relief obtained must directly benefit [the plaintiff] at the time of the judgment or settlement." *Drennan v. Pulaski County Special Sch. Dist.,* 458 F.3d 755, 757 (8th Cir.2006) (citation omitted). Attorney fees are not warranted when the plaintiffs "prevailed on only a very small and technical part of their claim." *Id.* (citation omitted).

■ The Court concludes that Liu is a prevailing party because the Court granted him relief that was substantially the relief Liu requested in his Petition. Liu requested that the Court either adjudicate his naturalization application or remand his application to Defendants for immediate adjudication. Although the Court did not order "immediate" adjudication, over Defendants' objections, the Court ordered remand to USCIS to adjudicate Liu's naturalization application within a specific time frame, which was a position Liu did advocate in his opposition to Defendants' motion to dismiss. The Court's ruling altered Liu's legal relationship with Defendants by requiring Defendants to adjudicate his application within a specific time frame. Liu could have moved to enforce the Court's Order if Defendants had failed to comply with it, which is the reason the Court retained jurisdiction over this matter. Although Liu is now naturalized, the adjudication of his naturalization application did not result from a voluntary change in De-

fendants' conduct. Instead, Defendants acted in compliance with this Court's Order. This case can now be dismissed precisely because Liu prevailed and obtained a sought-after Court Order, and Defendants obeyed the Court's Order. Liu is a prevailing party. *See, e.g., Haidari v. Frazier,* Civil No. 06–3215 (DWF/AJB), slip op. at 8 (D.Minn. May 11, 2007) (holding petitioner who obtained court order remanding application to USCIS for adjudication within 30 days was prevailing party); *Aboushaban v. Mueller,* 475 F.Supp.2d 943, 946 (N.D.Cal.2007) (holding that plaintiff who obtained court order requiring USCIS to adjudicate plaintiff's application was prevailing party and gathering cases holding similarly).

### 3. Whether the Government's Position Was Substantially Justified

#### a. Standard for Substantial Justification

 "The government bears the burden of proving that its position was substantially justified." *U.S. S.E.C. v. Zahareas,* 374 F.3d 624, 627 (8th Cir.2004) (citation omitted). "Substantially justified" means "having a 'reasonable basis both in law and fact,' or being 'justified in substance or in the main.'" *U.S. S.E.C. v. Zahareas,* 374 F.3d 624, 626 (8th Cir.2004) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "Therefore, the government's position can be substantially justified even though ultimately incorrect, as long as a reasonable person could think it correct." *Id.* (citation omitted). "[T]he most powerful indicator of the reasonableness of an ultimately rejected position is a decision on the merits and the rationale which supports that decision." *Id.* at 627 (citation omitted). "Moreover, the government must show that it acted reasonably at all stages of the litigation"—both in the pre-litigation and litigation stages. *Id.*

(citations omitted). The " 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

#### b. Whether Defendants' Pre-litigation Position Was Substantially Justified

 The Court concludes that Defendants' pre-litigation position was not substantially justified. As the Court previously held, the USCIS had a nondiscretionary duty to adjudicate applications for naturalization within 120 days of examination. The Court also previously noted that the "USCIS placed itself in this procedural predicament by failing to complete the background checks before notifying Liu to appear for his initial examinations." (Apr. 13, 2007 Order at 6 (citation omitted).) Defendants demonstrated no attempts to comply with this duty. USCIS did not request that the FBI expedite Liu's name check, nor did it attempt to determine the reasons for the FBI's delay. The USCIS failed to comply with the statute or attempt to remedy the delay despite Liu's multiple inquiries.

Defendants fail to explain why Liu's name check was delayed, apart from detailing the heavy workload faced by the FBI and the USCIS. Liu is a Professor of Economics at Emory University, has no criminal history anywhere in the world, and has previously passed a U.S. Government background check. Defendants point to no special circumstances that would require the FBI to take longer than usual to complete his background check. Defendants offer no explanation why Liu's application, in particular, took so long to process. *See, e.g., Aboushaban v. Mueller,* 475 F.Supp.2d 943, 948–49 (N.D.Cal.2007) (stating that "[d]espite the clear connec-

tion between the processing of the name check and USCIS's final adjudication, defendants do not explain why the name check was so delayed" and holding that the processing delay was not "substantially justified") (footnote omitted).

### c. Whether Defendants' Litigation Position Was Substantially Justified

■ Because Defendants' pre-litigation position was not substantially justified, the Court need not address whether Defendants' litigation position was substantially justified. However, the Court also notes that Defendants' litigation position was not substantially justified. Defendants ignored their clear statutory duty to render a decision within 120 days after the date of the examination and an expanding body of case law recognizing the USCIS's duty to adjudicate applications within a reasonable period of time, including this Court's order in *Khan v. Frazier*, Civil No. 06–1560, 2007 WL 270413 (MJD/RLE) (D.Minn. Jan. 29, 2007), remanding a similar case to the USCIS with a time limit. Instead, Defendants continued to insist that the Court was required to dismiss the case for lack of jurisdiction or, alternatively, that the Court should place no time limit on the USCIS to adjudicate Liu's application. This position was not substantially justified.

### 4. Whether an Award of Attorney Fees Would Be Unjust

■ Defendants assert that special circumstances would make the award of fees unjust. Special circumstances can exist when the Government "advanc[es] in good faith ... novel but credible extensions and interpretations of the law" or when equitable considerations dictate than an award not be made. *U.S. Dept. of Labor v. Rapid Robert's, Inc.*, 130 F.3d 345, 347–48 (8th Cir.1997) (citation omitted).

Defendants argue that, in this case, the Government did not affirmatively act to violate the law. Instead, they claim that the agencies worked hard to complete the mandatory background checks in as timely a fashion as possible given the FBI and USCIS workload. As the Court has noted, Defendants have provided no explanation why Liu's name check, in particular, took so long and they created this procedural predicament. Additionally, Liu bears no responsibility for the delay. These equities do not make an award unjust.

Defendants also argue that the work provided by Liu's counsel was superfluous because Liu retained counsel after already filing his pro se Petition and pro se memorandum in opposition to Defendants' motion to dismiss. Defendants argue that counsel's supplemental memorandum and filings did not add to Liu's position and they note that the Court cut short oral argument. Thus, they claim Liu's counsel did not perform work entitled to reimbursement.

Defendants raised no previous objection to Liu's counsel's supplemental memorandum and the Court accepted and considered it before issuing its ruling. Although the Court cut short the hearing to inform the parties that it would be remanding the matter to the USCIS, Liu's counsel was still required to prepare for and attend oral argument. The fact that Liu prepared some of the filings in this case on his own before hiring counsel is a fact taken into consideration in the amount of attorney fees to be awarded. It is not a reason to foreclose the award of attorney fees altogether.

The Court concludes that there are no special circumstances that would make the award of fees unjust.

### C. Amount of Attorney Fees
#### 1. Introduction

Under the EAJA,

"fees and other expenses" includes ... reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees *shall not be awarded in excess of $125 per hour* unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)[.]

28 U.S.C. § 2412(d)(2)(A).

Liu requests a total of $16,087.79 in attorney fees and costs. This consists of $7,084.14 in fees for work performed by attorney Dyan Williams; $638.00 in fees for work performed by law clerk Tim Hart; $7,980.00 in fees for work performed by attorney Herbert Igbanugo; $350.00 for the filing fee for the Petition; and $35.65 for costs. The Court concludes that this request is reasonable and grants the request in its entirety.

### 2. Attorney Dyan Williams

 Liu requests that the Court reimburse attorney Dyan Williams at a rate of rate of $167 per hour, which is the EAJA statutory rate of $125 per hour, adjusted for inflation by the Consumer Price Index for All Urban Consumers ("CPI–U"). The Court may use the CPI–U to adjust the EAJA rate for inflation. *Johnson v. Sullivan,* 919 F.2d 503, 504–05 (8th Cir.1990). Williams has submitted an affidavit detailing her skills and experience in immigration law. The Court concludes that $167 per hour is the appropriate reimbursement rate for Williams' work.

 Liu submits billing records supporting Williams' time spent on this matter, including time spent preparing the EAJA petition and responding to Defendants' opposition to the EAJA petition and motion to dismiss as moot. In total, Williams spent 42.42 hours on Liu's case.

Thus, the total fees requests by Williams are $7,084.14. The Court finds that the hours worked by Williams are reasonable and approves the fee request for her work.

### 3. Law Clerk Tim Hart

 Liu also requests fees of $110 per hour for work done by law clerk Tim Hart based on the market rate. Hart obtained his J.D. from the University of St. Thomas in May 2007 and, before joining Igbanugo Partners, Hart was a judicial clerk at the Executive Office for Immigration Review. Hart brought significant immigration law experience for a law clerk and the Court finds that a market rate of $110 per hour is reasonable.

Hart spent 5.8 hours under attorney Herbert Igbanugo's supervision working on Liu's case. Liu requests $638 for the total hours Hart spent on Liu's case. The Court has reviewed Hart's billing records and finds that the amount of time he spent on this matter was reasonable.

### 4. Attorney Herbert Igbanugo

 Finally, Liu requests fees for work done by Igbanugo. He requests reimbursement at the rate of $285 per hour, based on the statutory rate of $125 per hour, adjusted for inflation to a rate of $167 per hour, plus an added fee because he has "some distinctive knowledge or specialized skill needful for the litigation in question." *Pierce v. Underwood,* 487 U.S. 552, 572, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). An increased statutory fee is justified if 1) "the attorney possess[es] distinctive knowledge and skills;" 2) the knowledge and skills "are in some way needed in the litigation;" and 3) they "cannot be obtained elsewhere at the statutory rate." *Pirus v. Bowen,* 869 F.2d 536, 541–42 (9th Cir.1989).

Specialized knowledge of immigration law can warrant enhanced attorney fee rates. *See, e.g., Muhur v. Ashcroft,* 382

F.3d 653, 656 (7th Cir.2004) (upholding $225 per hour EAJA fee for Igbanugo because the fee "is modest by current standards of attorney compensation" and he had extensive experience and qualifications). It is clear that Igbanugo has specialized knowledge and extensive experience in the immigration field. The Court also concludes that Igbanugo's special skills were needed for this litigation. Liu retained Igbanugo at a point in the litigation after Defendants had already filed a motion to dismiss. Igbanugo was required to quickly come up to speed on Liu's case, including his history dealing with the immigration system, Liu's pro se Petition, Defendants' motion to dismiss, and the pro se response that Liu had already filed. Igbanugo's skills and experience enabled him to quickly file a supplemental brief and understand the law and facts in a short amount of time. There are a limited number of such qualified immigration attorneys who would have represented Liu under the short time constraint. The Court concludes that a rate of $285 per hour is warranted. *Cf. Haidari v. Frazier,* Civil No. 06–3215 (DWF/AJB), slip op. at 13–15 (D.Minn. May 11, 2007) (awarding Igbanugo EAJA fees of $285 per hour in similar case).

Igbanugo requests reimbursement for 28 hours of work, for a total of $7,980 in attorney fees. The Court has reviewed Igbanugo's billing records and concludes that the amount of time spent is reasonable. The Court notes that, although it cut short oral argument to inform the parties that it would be remanding the matter, Igbanugo and his associates still had to prepare for oral argument. Additionally, although Liu did file a memorandum in opposition before he retained counsel, counsel's supplemental memorandum was not objected to and was accepted, considered, and found helpful by the Court.

### 5. Total Fees and Costs

Overall, Liu requests $16,087.79, consisting of $7,084.14 in attorney fees for Williams; $638.00 in law clerk fees for Hart; $7,980.00 in attorney fees for Igbanugo; $350.00 in filing fees; and $35.65 for costs. All of these fees and costs are reasonable and supported by the record. The Court grants Liu's motion.

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorney's Fees and Costs under the Equal Access to Justice Act [Docket No. 30] is **GRANTED** and Plaintiff is entitled to judgment in the amount of $16,087.79 in attorney fees and costs.

2. Defendants' Motion to Dismiss as Moot [Docket No. 38] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**