CHRISTOPHER & BANKS CORPORATION, Christopher & Banks, Inc., and Christopher & Banks Company, Plaintiffs,

v.

DILLARD'S, INC., Nygard International Partnership, Nygard, Inc., and John Does 1–10, Defendants.

No. 4:11–cv–131.

United States District Court,
S.D. Iowa,
Central Division.

Aug. 3, 2011.

694

Angela Ellen Dralle, David A. Tank, Dorsey & Whitney LLP, Des Moines, IA, for Plaintiffs.

Bart A. Lazar, Seyfarth Shaw, Chicago, IL, Debra Lynne Hulett, Nyemaster Goode West Hansell & O'Brien PC, Des Moines, IA, for Defendants.

## MEMORANDUM OPINION AND ORDER

ROBERT W. PRATT, Chief Judge.

Currently before the Court is "Defendants' Motion to Dismiss for Failure to State a Claim Under FRCP 12(b)(6)," filed by Dillard's, Inc., Nygard International Partnership, and Nygard, Inc. (collectively "Defendants") on July 8, 2011. Clerk's No. 8. Christopher & Banks Corporation (hereinafter "C & B Corp."), Christopher & Banks, Inc. (hereinafter "C & B, Inc."), and Christopher & Banks Company (hereinafter "C & B Company") (collectively "Plaintiffs") filed a response on July 25, 2011. Clerk's No. 12. Defendants filed a reply on August 2, 2011. Clerk's No. 14. The matter is fully submitted.

### I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs filed this case on March 22, 2011, alleging that Dillard's, Inc. and ten John Does infringed U.S. Copyright Reg.

No. VA 1–347–700 (hereinafter the "Asserted Copyright"). Clerk's No. 1. Before Defendants answered the original complaint Plaintiffs filed an amended complaint that added Nygard International Partnership, and Nygard, Inc. as defendants. Clerk's No. 5. Plaintiffs allege that C & B Company "is the author and the sole and exclusive owner" of the Asserted Copyright. Am. Compl. ¶ 24.

## II. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) is the usual and proper method of testing the legal sufficiency of the complaint." *Peck v. Hoff,* 660 F.2d 371, 374 (8th Cir. 1981); *see also Helgoth v. Larkins,* No. 4:09–CV–1880, 2010 WL 1936196, at *2 (E.D.Mo. May 12, 2010). Rule 12(b)(6) allows the Court "to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *See Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.,* 988 F.2d 1157, 1160 (Fed.Cir. 1993) (citing *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In reviewing a complaint, a court must "accept as true all of the factual allegations contained in the complaint," and must draw "all reasonable inferences . . . in favor of the plaintiff," *Schaaf v. Residential*

*Funding Corp.,* 517 F.3d 544, 549 (8th Cir.2008) (citing *Twombly,* 550 U.S. at 555–60, 127 S.Ct. 1955), but need not accept any legal conclusions contained in the complaint, *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 870 (8th Cir.2002). Thus, "[a] complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory." *Serrano v. Sec. Nat'l Mortg. Co.,* No. 09–CV–1416, 2009 WL 2524528, at *1 (S.D.Cal. Aug. 14, 2009) (slip copy) (citing *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984)); *see also In re Aurora Dairy Corp. Organic Milk Mktg. & Sales Practices Litig.,* 621 F.3d 781, 790 (8th Cir. 2010) ("Dismissal is proper when the complaint fails to state a claim upon which relief can be granted." (quoting *Hawks v. J.P. Morgan Chase Bank,* 591 F.3d 1043, 1049 (8th Cir.2010))).

## III. ANALYSIS

In the instant motion, Defendants seek: (1) "an order dismissing the Amended Complaint with prejudice as to" C & B Corp. and C & B, Inc.; and (2) an award of attorney's fees pursuant to 17 U.S.C. § 505.[1] Mot. at 2. The Court will address each of these requests in turn.

### A. *Proper Plaintiffs*

 Defendants argue that neither C & B Corp. nor C & B, Inc. can state a claim for infringement of the Asserted Copyright because they do not own the Asserted Copyright. *See* Mot. ¶¶ 3–5; Defs.' Mem. of Law in Supp. of Mot. to Dismiss (hereinafter "Defs.' Br.") at 2 (Clerk's No. 8–1). Defendants correctly point out that

---

**1.** As Defendants tacitly concede, their request for fees does not comply with the Local Rules. *See* Clerk's No. 14 at 3 ("If the Court determines an award of fees are [sic] appropriate[,] Defendants will submit additional documentation as required by the Local Rules."). There-fore, the Court would be justified in ignoring this part of Defendants' motion. However, the Court has decided to address this request in order to forestall further wasteful motion practice.

only "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled" to sue for infringement. 17 U.S.C. § 501(b). And, as Defendants also correctly point out, Plaintiffs have alleged that C & B Company is the sole owner of the Asserted Copyright. Defs.' Br. at 3 (citing Am. Compl. ¶ 24). Plaintiffs do not seriously dispute either of these propositions. *See* Pls.' Resistance to Defs.' Mot. to Dismiss the Compl. as to Two of the Three Pls. (hereinafter "Pls.' Br.") at 1–2 (Clerk's No. 12). Indeed, in response to Defendants' motion, Plaintiffs have filed a motion to amend their complaint in order to, *inter alia,* "eliminate C & B Corp. and C & B, Inc. as Plaintiffs."[2] *See id.* at 1. Because it is undisputed that neither C & B Corp. nor C & B, Inc. are "legal or beneficial owner[s]" of the Asserted Copyright, they cannot sue for infringement of the Asserted Copyright. *See* 17 U.S.C. § 501(b). Accordingly, they shall be dismissed as plaintiffs in this action.

### B. *Attorney's Fees*

■ Defendants also seek an award of attorney's fees. Defs.' Br. at 3 (citing *Bar–Meir v. N. Am. Die Casting Ass'n,* 53 Fed.Appx. 396 (8th Cir.2002) (unpublished disposition) and *Sun Media Sys. v. KDSM, LLC,* 587 F.Supp.2d 1059, 1067–71

(S.D.Iowa 2008)). The Copyright Act provides:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs. 17 U.S.C. § 505.

■ As an initial matter, the Court is not persuaded by Defendants' conclusory assertion that they qualify "as the prevailing parties" on any claims. *See* Defs.' Br. at 3. "In copyright infringement cases, generally, the prevailing party is one who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit."[3] *Thoroughbred Software Int'l, Inc. v. Dice Corp.,* 488 F.3d 352, 362 (6th Cir.2007) (quoting *Warner Bros., Inc. v. Dae Rim Trading, Inc.,* 877 F.2d 1120, 1126 (2d Cir.1989)) (internal quotation mark omitted); *accord Gamma Audio & Video, Inc. v. Ean–Chea,* 11 F.3d 1106, 1113 (1st Cir.1993) (citing *Video Views, Inc. v. Studio 21, Ltd.,* 925 F.2d 1010, 1022 (7th Cir.1991), *overruled on other grounds by Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)); *Cable/Home Commc'n Corp. v. Network Prods., Inc.,*

**2.** This motion, "Plaintiff's Motion to File Second Amended Complaint," is currently pending before U.S. Magistrate Judge Celeste F. Bremer. *See* Clerk's No. 13.

**3.** Although it appears that the Eighth Circuit has not ruled on this precise issue, this test is consistent with the tests that the Eighth Circuit has used in evaluating the propriety of awarding attorney's fees under other statutory schemes. *E.g., Gill v. Maciejewski,* 546 F.3d 557, 565 (8th Cir.2008) ("To be a prevailing party [in a § 1983 action], a plaintiff must succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.") (quoting *Forest Park*

*II v. Hadley,* 408 F.3d 1052, 1059 (8th Cir. 2005) (internal quotation marks omitted)); *Drennan v. Pulaski Cnty. Special Sch. Dist.,* 458 F.3d 755, 756–57 (8th Cir.2006) ("To determine whether Drennan is a prevailing party [under the Individuals with Disabilities Education Act (IDEA) ], we examine whether she obtained actual relief on the merits of the claim that materially altered the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." (quoting *Farrar v. Hobby,* 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (internal quotation marks omitted))).

902 F.2d 829, 853 (11th Cir.1990). Accordingly, "it has been held that a party's success on a claim that is purely technical or *de minimis* does not qualify him as a prevailing party." 4–14 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.10[B][3] (2011) (quoting *Warner Bros.*, 877 F.2d at 1126 and citing *Thoroughbred Software*, 488 F.3d at 362) (internal quotation marks omitted).

Defendants argue that "the fact that Plaintiffs and their counsel named [C & B Corp. and C & B, Inc.] as parties has an impact on this litigation" because "Defendants were compelled to file their Motion to Dismiss." Defs.' Reply Mem. in Supp. of Mot. to Dismiss (hereinafter "Defs.' Reply") at 2 (Clerk's No. 14). However, even if the naming of C & B Corp. and C & B, Inc. did have some "impact on the litigation," *see id.*, it still is not "a *significant* issue in the litigation," *see Thoroughbred Software*, 488 F.3d at 362 (emphasis added). At worst, Plaintiffs have committed a minor, technical pleading error. Indeed, when this error was pointed out, Plaintiffs took action to correct it. *See* Clerk's No. 13 (requesting leave to amend and eliminate C & B Corp. and C & B, Inc. as parties). Therefore, Defendants' success in removing C & B Corp. and C & B, Inc. from this case constitutes a technical or *de minimis* victory. Indeed, because neither C & B Corp. nor C & B, Inc. had standing to sue Defendants in the first place, their dismissal does not "mark[ ] a clear change in the legal relationship between the parties enuring to [Defendants'] benefit." *See Gamma Audio & Video*, 11 F.3d at 1114. Thus, Defendants have not demonstrated that they qualify as a "prevailing party" for the purposes of § 505.[4]

Even if Defendants did qualify as "prevailing parties," however, Defendants have still not demonstrated any compelling reason why the Court should exercise its discretion to grant them fees. The Copyright Act allows—but does not require—courts to award fees to prevailing parties. *See* 17 U.S.C. § 505 ("[T]he court *may* also award a reasonable attorney's fee ...."); *see also Fogerty*, 510 U.S. at 524 n. 11, 114 S.Ct. 1023 (noting that "the plain language of § 505" indicates that "district courts are to use their discretion in awarding attorney's fees and costs to the prevailing party"); *id.* at 533, 114 S.Ct. 1023 ("The word 'may' clearly connotes discretion."). As this Court has previously observed:

> While there is no precise rule or formula for making these determinations, several factors have been identified as appropriate for consideration in determining whether attorneys' fees should be awarded in any particular case. Such factors include frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.

*Sun Media*, 587 F.Supp.2d at 1067 (internal citations and quotation marks omitted).

These factors "may be used to guide courts' discretion, *so long as* such factors are faithful to the purposes of the Copyright Act...." *Fogerty*, 510 U.S. at 535 n. 19, 114 S.Ct. 1023 (emphasis added); *see also Warner Bros.*, 877 F.2d at 1127 ("[F]ees need not be awarded if the award would not vindicate [the] underlying statutory policies...."). The purpose of the Copyright Act is "to promote the Progress

---

4. The cases cited by Defendants do not compel a different conclusion because neither of those cases—which, in any event, represent non-binding authority—involved the mere dismissal of some superfluous, improperly-named plaintiffs. *See* Defs.' Reply at 3 (citing *Riviera Distribs., Inc. v. Jones*, 517 F.3d 926 (7th Cir.2008) and *Cadkin v. Loose*, 569 F.3d 1142 (9th Cir.2009)).

of Science and useful Arts." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 349, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) (quoting U.S. Const., Art. I, § 8, cl. 8); *see also Fogerty*, 510 U.S. at 517, 114 S.Ct. 1023. Section 505 furthers this purpose by encouraging the litigation of meritorious copyright claims and defenses. *See Fogerty*, 510 U.S. at 517, 114 S.Ct. 1023 (noting that "[b]ecause copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible").

In this case, Defendants have not litigated any defenses on the merits; rather, they have simply pointed out a small, technical pleading error. Defendants have not pointed to—and the Court is not aware of—anything in the Copyright Act or in the case law that suggests that § 505 is meant to punish such errors. Additionally, there is no indication in the record that Plaintiffs had any improper motive in naming C & B Corp. and C & B, Inc. as plaintiffs or that there is any "need in [these] circumstances to advance considerations of compensation and deterrence." *See Sun Media*, 587 F.Supp.2d at 1067 (quoting *Fogerty*, 510 U.S. at 535 n. 19, 114 S.Ct. 1023). For all of these reasons, the Court declines Defendants' request for an award of attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, "Defendants' Motion to Dismiss for Failure to State a Claim Under FRCP 12(b)(6)" (Clerk's No. 8) is GRANTED IN PART and DENIED IN PART. Specifically, Christopher & Banks Corporation and Christopher & Banks, Inc. are hereby DISMISSED as plaintiffs in this case; however, Defen-

dants' request for an award of attorney's fees is DENIED.

IT IS SO ORDERED.